[Civ. No. 7005. Second Appellate District, Division One.—January 19, 1932.]

WESLEY D. SPENCER, Appellant, v. RUDOLPH C. SCHIFFMAN, Respondent.

PETER DELGADO, Appellant, v. RUDOLPH C. SCHIFFMAN, Respondent.

Joseph L. Fainer for Appellants.

W. I. Gilbert for Respondent.

HOUSER, J.—From the record herein it appears that in response to an "emergency call" plaintiffs, who were police officers, were riding over and upon certain streets in the city of Los Angeles on a motorcycle which was being operated by plaintiff Delgado in the general direction toward the scene of an accident which theretofore had occurred. According to the testimony of one of the plaintiffs, the purpose of such "emergency call" was that of "investigating the facts of the accident . . . and to render all the aid possible". Before reaching the intersection of certain streets the said motorcycle was traveling at the rate of thirty-seven miles per hour, but on entering the said intersection the speed of the motorcycle was reduced to a rate of twenty to twenty-five miles per hour, at which speed it collided with an automobile which at said time and place was operated by defendant Schiffman. As a result of said collision each of the plaintiffs sustained certain physical

injuries for which, by appropriate action, he sought to recover damages from defendant. For the purposes of the trial such actions were "consolidated", and the evidence introduced in the one case was made applicable to the other. After the plaintiffs therein had introduced all their evidence, on motion presented by defendant, based upon the alleged negligence of plaintiffs, which, as contended by defendant, contributed directly and proximately to the happening of the accident, the trial court instructed the jury to, and the jury did, return verdicts in favor of defendant. It is from the ensuing judgments that the instant appeal is prosecuted.

In effect the principal point urged as a reason for reversal of the judgments is that the evidence was insufficient to show contributory negligence on the part of plaintiffs. As hereinbefore set forth, the record herein discloses the fact not only that at the time when and the place where the collision occurred were plaintiffs driving their motorcycle at an unlawful rate of speed, approximately from twenty to twenty-five miles per hour, but that, in addition thereto, with full knowledge on the part of each of the plaintiffs regarding the entire situation as applied particularly to defendant personally and the automobile which he was operating, no attempt was made by either of the plaintiffs prior to the happening of the accident to stop the motorcycle which they were driving. Apparently what the plaintiffs relied upon as a justification for their failure to attempt to stop the motorcycle and to avert or avoid the happening of the accident, was the fact that they were police officers and as such, in the performance of their official duty, were on an errand the object of which was to investigate the facts concerning an accident which theretofore had occurred and "to render all the aid possible". It is clear that, ordinarily speaking, the negligence of the plaintiffs was not only outstanding and that it contributed to the happening of the accident, but that unless by the "saving grace" of the provisions of some statute the plaintiffs were exempted from the ordinary rule of law which relates to the care which must be exercised by persons generally, the judgments rendered by the trial court should be affirmed. In the latter connection the only regulatory provision which is suggested by appellants as afford-

ing a possible exception to the general rule is that contained in section 120 of the California Vehicle Act (Stats. 1923, pp. 517, 556) to the effect that the speed limit of 15 miles per hour for automobiles crossing an intersection of two streets shall not apply to authorized emergency vehicles "when such vehicles are being operated in the chase or apprehension of violators of the law, or of persons charged with or suspected of any such violation, . . . " But manifestly such a law has no application to the facts herein. According to their own testimony, plaintiffs were engaged in "investigating the facts" of an accident with the added intention on their part "to render all the aid possible". As far as the record discloses, neither of the plaintiffs knew or had been informed that in connection with the particular accident which they were on their way to "investigate" and to render "aid", any person had either violated the law, or was charged with or suspected of having done so. The mission of plaintiffs was entirely civil in its nature and the character of the services proposed to be rendered by plaintiffs had no relation to any known or suspected criminal act on the part of any person whomsoever. It is therefore clear that, aside from any limitation which by further provision of the statute may exist, with the possible resultant exemption from personal liability of a police officer for what as to other persons legally might be regarded as negligence—the line of duty in which the plaintiffs in the instant case were engaged at the time and place of the accident in question did not place them in a position where they legally might claim the benefit which the law bestows upon police officers when they are engaged in those duties which are generally described in the statute to which reference has been had. Moreover, by express provision of section 132 of the statute (Cal. Vehicle Act, Stats. 1923, pp. 517, 560), the driver of any emergency vehicle is not relieved from the duty to drive with due regard for the safety of all persons using the highway, nor from the consequence of the arbitrary exercise of the privileges theretofore declared in the statute.

The judgments are and each of them is affirmed. The appeal from the order denying the motion for a new trial is dismissed.

Conrey, P. J., and York, J., concurred.