STATE OF MONTANA ex rel. ORVILLE HABECK and
DIANNE HABECK, Petitioners, v. DISTRICT COURT
of the FOURTH JUDICIAL DISTRICT of the State of
Montana, in and for the COUNTY OF MISSOULA, De-
fendant.

No. 12051.

Submitted April 20, 1971.

Decided April 23, 1971.

484 P.2d 272.

Worden, Thane, Haines & Williams, Shelton Williams (ar-
gued), Missoula, Fennessy, Crocker & Arness, Franklin Arness.
(argued), Libby, for petitioners.

Robert Woodahl, Atty. Gen., Thomas Mahan (argued), Helena, Robert L. Deschamps, III, County Atty., (argued), Missoula, for defendant.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an original proceeding wherein the relators are seeking a writ directed to several issues, the writ sought being a combination of prohibition, review and supervisory control. The problem arises mainly because the same parties and essentially the same issues are in two separate district courts.

Relators are husband and wife. The husband is a half brother of a four year old minor child known as Michele Lee Munson, formerly Tina M. Habeck. Prior to September 1970 the child resided with her adoptive parents, Verlin and Sharon Munson in Libby, Lincoln County, Montana. At age 22 months, the natural parents had released all legal rights to the child; and she had been adopted by Munsons. The Munsons had become separated as husband and wife sometime prior to September 1970. In September 1970 Mrs. Munson contacted the Department of Public Welfare declaring that she did not want to keep the child. On September 15, 1970, the child was delivered back to the Department of Public Welfare. Prior to September the relators had desired to adopt the child and the Department of Public Welfare was so informed.

The Department of Public Welfare, on the basis of a caseworker's report, thought it best to remove the child from Lincoln County because of the proximity in Lincoln County to "relatives". The child was placed in a foster home in Missoula County. Some three months later, in Sandpoint, Idaho, on December 11, 1970, the Munsons executed an affidavit of waiver and consent to adoption, consenting to a declaration that the child was and is a dependent and neglected child. Subsequently, on February 19, 1971, the same adoptive parents, the Munsons, executed another affidavit in which they attempted to revoke their previous affidavit.

On December 30, 1970 the relators herein filed a petition to adopt the child in the district court of Lincoln County. Notice of the adoption petition was given to the Department of Public Welfare. On January 8, 1971 the district judge in Lincoln County ordered the Department of Public Welfare to investigate the Habeck home and file a report. The Department of Public Welfare on January 14, 1971 filed the following "Report to the Court:"

"IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF LINCOLN

"In the Matter of the Adoption of ⎫
    MICHELE LEE MUNSON ⎬
        a minor child ⎭

No. 27-3244

Report to the Court

"Since Mr. and Mrs. Orville Habeck presently reside in Nampa, Idaho, a home visit by this worker was not possible. However, Mr. R. R. Boehr, Director of Canyon County, Idaho submitted a report on Orville and Dianne Habeck to this office on December 10, 1970. This report is here included. This worker has talked with the Habecks by phone several times and has met and talked with them both personally, on two different occasions.

"This worker is very much impressed by Mr. and Mrs. Habeck. They are quite sincere in their desires to adopt Michele Lee Munson. They are motivated out of genuine love and concern for this child's happiness and well-being. Worker has no doubts what-so-ever about the Habeck's ability or capacity to provide a good and loving home for Michele Munson.

"At this time, however, worker does not want to recommend either approval or denial of the petition for adoption of Michele Lee Munson by Orville and Dianne Habeck. Since Michele's first adoption was to relatives, and it did break down, worker is unsure whether or not Michele's being adopted by other rela-

tives, a second time, is in the best interests and welfare of this little girl. Therefore, this worker will make no recommendation in regard to this petition.

"Respectfully submitted,

LINCOLN COUNTY
DEPARTMENT OF PUBLIC WELFARE
"S/ Cheryl Ablonczy
Social Worker I"

---

To the "Report to the Court" was attached a report of the Local Director of Canyon & Owyhee Counties Department of Public Assistance of the state of Idaho reporting that Orville Habeck was a senior student at Northwest Nazarene College. Mrs. Habeck was a first grade teacher in the Boise school system. Orville was attending college under the GI Bill and Vocational Rehabilitation programs. Both Habecks were also employed as tutors at a learning center. This report on Habecks as persons and their home living conditions would be classed as an excellent one. The report was dated December 3, 1970, a date almost a month before the formal petition and showing a considerable period of activity on the part of the Habecks to achieve adoption of the child.

Even though the State Department of Public Welfare was ordered by Judge Sykes to make its investigation and file its report, which it did, that same department filed a petition in the District Court in Missoula County to have the child declared dependent and neglected and to award permanent custody to the department. At this stage it was apparent that the department was not going to approve of the Habeck adoption, even though it had tacitly led them to believe it would and even though its report to the District Court in Lincoln County approved of the relators as people of high character with good home conditions.

In the petition filed in Missoula, conspicuously absent was any reference to the pending adoption proceeding in Libby.

However, attached to the petition as an exhibit was a "Report to the Court" of the Missoula County Department of Public Welfare. In that report it was said that "During the first part of December we became aware" of Habecks' interest in adopting the child. Indeed, the department had known of this interest since August! Also, significantly, voluntarily reported was opposition to adoption by the Habecks.

Because of this "Report to the Court," the district judge in Missoula on February 8, 1971, ordered a citation issued to Orville and Dianne Habeck, relators herein, ordering them to appear on February 18, 1971 to show cause why the petition should not be granted. The order for citation recited that "said Orville Habeck and his wife are believed to have filed an action for adoption in another county." It is understandable that the judge may not have known for certain that the State Department of Public Welfare had been in fact ordered into the adoption proceeding in Lincoln County and did so appear, because the petition was silent!

Relators Habeck were served with the citation in Idaho on February 12. They called their counsel who made immediate efforts to have the hearing in Missoula continued. At that stage relators then filed a motion for change of venue and a challenge to the jurisdiction of the District Court in Missoula County on several grounds, particularly that the parties were then already before the District Court in Lincoln County.

The motion for change of venue was denied. No evidence was produced. The order denying the motion recited that while Habecks formerly lived in Libby, Montana they now live in Idaho. The court reasoned that Habecks were *not* residents of Lincoln County, that the child was a "resident" of Missoula County, and therefore, the residence of the Habecks (allegedly being in Idaho) would not require a change of venue to Lincoln County.

Then relators filed a demand for jury trial on the basis that Habecks were persons "interested." An answer with denials, defenses, and a counterclaim was filed. The court denied the

demand for jury trial on the basis that Habecks are not adverse parties. The court set the matter, that is the petition of the department, for hearing on April 5.

Notice of appeal from the order denying the motion for change of venue was filed.

Then, on April 1, 1971, petition was made to this Court to assume original jurisdiction. In an order to show cause this Court stayed further proceedings in both courts and ordered the Welfare Department, the Attorney General, the Missoula County Attorney and Welfare Department, and the District Judge of the Fourth Judicial District to be named respondents.

At this point, some comment is required concerning the State Welfare Department. It embraces the Lincoln County Department, the Missoula County Department and a district office located in Missoula. In some respects in this case they seem to operate independently—one not knowing what the other is doing. However, it is clear that the legally constituted authority of all its agents or officers lies with one agency. Thus, knowledge of one is legally knowledge of all. It follows in this case that jurisdiction over the Public Welfare Department was acquired in Lincoln County (See M.R.Civ.P., Rule 4B(2)). It was ordered to appear and did appear.

Thereafter, as indicated heretofore, it surreptitiously, in effect, attempted to bypass the adoption proceeding in Lincoln County by proceeding in Missoula County.

Returning now to the remedy sought here. An appeal was taken from the denial of the motion for change of venue. But obviously here, that appeal will not answer the entire problem. So, the relators seek relief to determine:

1) Whether the District Court in Missoula County has jurisdiction of the dependent and neglected child proceeding when the matter is already before the District Court of Lincoln County?

2) Whether petitioners are entitled to trial by jury in said cause? (We observe that if the Missoula District Court does not have jurisdiction this issue is of no moment.)

3) Whether a writ of supervisory control should issue directing dismissal of the petition in Missoula County?

On the return before this Court, the county attorney of Missoula County appeared by a brief, which brief concludes by seeking to quash our order to show cause, to dismiss relators' petition herein, and further to order dismissed the adoption proceedings pending in Lincoln County and to allow the proceedings in Missoula County to proceed. The Missoula county attorney announced in open court that he represented his own office and the Missoula County Department of Public Welfare. Yet, it appears from the petition of Joseph W. Roe, Director of the Division of Child Welfare Services of the Department of Public Welfare of the State of Montana, that the Missoula County Attorney represented the state.

The state, acting through Thomas H. Mahan, as Special Assistant Attorney General for the Attorney General and the State Department of Public Welfare, filed an answer to our order to show cause which in part states:

"3. In relation to the remaining allegations of said Petition, Respondents allege that the Supreme Court should rule on which county has jurisdiction of the entire controversy and whether or not Petitioners are entitled to a jury trial. Respondents, herein, allege that it may be to the best interests of the child to have any hearings in Lincoln County for the reason that the child has lived there most of the time and that the Welfare workers and other officials may be more familiar with the child in that area than they would be in the Missoula area."

What have we here, a confession judgment, in effect? One state's attorney fighting to retain jurisdiction in Missoula County being overruled by the Attorney General and his own client, the Department of Public Welfare. It was indicated earlier that the left hand, Missoula County Welfare Department, did not know what the right hand, Lincoln County Welfare Department, was doing. Now it appears that the head, the State Department of Public Welfare, in between, does not know what either hand is doing.

We hold that no genuine issue appears contrary to this application. That jurisdiction is in the District Court in Lincoln County and always has been; and that the District Court in Missoula County did not have jurisdiction to act and should dismiss the petition before it. Holding as we do on the issue of jurisdiction alone, we need not discuss the venue, right to jury trial, or other matters. We are confident that in the action before the District Court in Lincoln County that the best interests of the child, that being the ultimate question, will be carefully guarded.

Accordingly, we order as follows:

1) That the petition be dismissed in the Fourth Judicial District.

2) That the District Court of the Eleventh Judicial District, in and for the County of Lincoln, be apprised of this order so that it might proceed in the matter of the Petition of Orville Habeck and Dianne Habeck to adopt Michele Lee Munson, looking to the best interests and welfare of the child.

MR. JUSTICES JOHN C. HARRISON, DALY, and HASWELL, concur.