No. 13589

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

IN THE MATTER OF THE
ADOPTION OF DARLENE
RAE REDCROW

---

Appeal from:   District Court of the Fourth Judicial District,
               Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

   For Appellant:

       Christian, McCurdy, Ingraham & Wold, Polson, Montana
       Donald Peterson argued, Polson, Montana

   For Respondent:

       Richard P. Heinz argued, County Attorney, Polson, Montana
       French and Grainey, Ronan, Montana
       Philip Grainey argued, Ronan, Montana
       Hood and Bradshaw, Missoula, Montana
       Randi M. Hood argued, Missoula, Montana
       Thomas Mahan, Helena, Montana

---

Submitted:  April 13, 1977

Decided: MAY 2 1977

Filed: MAY 2 1977

Thomas J. Kearney

Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Two couples filed competing petitions to adopt Darlene Rae Redcrow, about four yeard old, and an enrolled member of the Confederated Salish and Kootenai Tribe. The district court of Lake County, Hon. E. Gardner Brownlee, district judge, granted an adoption decree to the Meyer couple and the Rhodes couple appeal.

The child involved had previously been removed from the home of her natural parents because of neglect. She was placed in the home of appellants Rhodes for 23 months until November, 1975, when she was returned to the home of her natural parents. Six weeks later State and Tribal authorities again found it necessary to remove the child from her parental home because of neglect. She was then placed in the home of respondents Meyer.

On December 29, 1975, the Department of Social and Re- habilitation Services of the State of Montana (SRS) petitioned the district court of Lake County to have the child declared dependent and neglected and for temporary custody. On February 27, 1976, appellants filed a petition for adoption with the written consent of the natural parents. On April 8, 1976, re- spondents Meyer filed this petition for adoption without the consent of the natural parents. On April 14, 1976, SRS amended its petition to cover permanent custody with right of adoption rather than temporary custody.

The three petitions were consolidated and set for hearing on May 12. The SRS and Meyer petitions were continued for hearing to a later date to allow clearing up of potential jurisdictional defects. The Rhodes petition was heard and taken under advise- ment pending hearings on the SRS and Meyer petitions and clearing up any question of consent by the Tribal court.

On June 9 the SRS petition was heard at the conclusion

of which the district court declared the child dependent and neglected and placed adoptive custody in SRS.

The Meyer petition was heard on July 12 and taken under advisement.

On August 11 the district court found both the appellants Rhodes and respondents Meyer suitable parents for the adoption and granted the Meyer petition for adoption. Appellants Rhodes have appealed from this order.

The single issue on appeal is whether the district court abused its discretion in delaying determination of the Rhodes petition until after the hearing on the SRS and Meyer petitions.

Appellants argue that since their adoption petition was jurisdictionally perfected, ready for hearing and heard prior to the other petitions it should have been decided first and granted, citing In re Koger, 206 Ore. 307, 292 P.2d 791.

We hold the entire matter was properly treated as before the court from beginning to end. See State ex rel. Habeck v. Dist. Ct., 157 Mont. 231, 484 P.2d 272. The district court was entirely correct in hearing all aspects of the case before making any decision on the competing petitions. The court cannot be compelled to fragment the case because of different filing dates and readiness for hearing of the competing petitions. The court cannot be forced to don blinders to other aspects of the case on the theory that the early bird should catch the worm or its legal equivalent "Between rights otherwise equal, the earliest is preferred." Section 49-117, R.C.M. 1947.

The paramount consideration in deciding between the competing parties is what is in the best interests of the child. Adoption of Biery, 164 Mont. 353, 522 P.2d 1377. The district court's finding that both competing couples are suitable adoptive

parents is not equivalent to a finding that each would equally promote the best interests of the child. We find no abuse of discretion of the district court's determination.

The order of the district court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -