No. 13565

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

IN RE THE MARRIAGE OF
ROBERT ISLER,

 Petitioner and Respondent,

and

CHRISTINE M. ISLER,

 Defendant and Appellant.

---

Appeal from:  District Court of the Sixteenth Judicial District,
Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

 For Appellant:

 William J. Miele argued, Miles City, Montana

 For Respondent:

 Kenneth R. Wilson argued, Miles City, Montana

---

Submitted:  April 18, 1977

Decided:  JUN 21 1977

Filed:  JUN 21 1977

*Thomas J. Kearney*
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

This is an appeal by the mother from a judgment of the district court, Rosebud County, awarding custody of the parties' two minor children to their father.

Christine and Robert Isler were married in September 1970, and divorced in April 1976. Although the district court found both parents fit and proper persons, it awarded custody of David, then four years old, and Douglas, then one year old, to the father. The mother contends the award of custody to the father was an abuse of discretion on the part of the district court because:

1) Evidence at trial on the factors listed in section 48-332, R.C.M. 1947, of the Uniform Marriage and Divorce Act, favored the mother.

2) The award was erroneously based on the relative earning capacity of the parties.

3) The district court erred in finding that the presumption in favor of awarding children of tender years to their mother was overcome by the evidence.

In determining the issue of custody the paramount consideration is the welfare of the children and must of necessity be left largely in the discretion of the district court. The decision of the district court will not be overruled on appeal absent a showing of a clear abuse of discretion. Tweeten v. Tweeten, _____ Mont. _____, _____ P.2d _____, 34 St.Rep. 337,339.

Section 48-332, R.C.M. 1947, states:

"Best interest of child. The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:

- 2 -

"(1) the wishes of the child's parent or parents as to his custody;

"(2) the wishes of the child as to his custodian;

"(3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;

"(4) the child's adjustment to his home, school, and community; and

"(5) the mental and physical health of all individuals involved."

The first two factors of section 48-332 are not helpful in this case. Both parents seek custody and the children were too young at the time of trial to express a preference. The fifth factor also provides little guidance. The record indicates that both parties coped well with the strain of this dispute and none of the persons involved, including the children, were shown to have a physical or mental problem that would have an effect on the custody issue.

The third factor involves the interaction of the children with their parents and others "who may significantly affect" their best interests. The district court found both the mother and father expressed their love for the children and:

"That both of the minor children of the parties are healthy, normal children that love each other and both of their parents, and have benefited from a healthy home environment."

The record supports these findings. However, the mother testified she intended to move to the San Francisco area in California and live temporarily with her parents while searching for a permanent home for herself and the children. During this time she planned to work as an accounting clerk for a stockbroker in San Francisco and commute the 40 miles from her parents' home.

She argues if she were given custody her plan would enable the children to form a close and rewarding relationship with their maternal grandparents which they would otherwise lose.

The fourth factor relates to the children's adjustment to home, school, and community. The mother contends she can provide a more stable environment for the children. She notes the father, an engineer for Bechtel Power Corporation, is subject to many geographical disruptions in his career. Although the family had lived in Colstrip, Montana, for over three years at the time of trial, it was the father's third duty assignment in the six and one-half years he had worked for Bechtel, and his stay in Colstrip was not projected to last beyond 1981. The mother argues if she were given custody the children would not be subject to these constant and predictable relocations, but instead would have the benefit of a stable and secure life with her near their maternal grandparents.

However, the record shows a stable home in Colstrip. The family lived in a modern three-bedroom home. The father spent a lot of time with the children and they had a close relationship. He shared in the housekeeping duties and helped discipline the children. His place of work was only a few minutes drive from the home and he was available if an emergency arose. But the mother, at least temporarily, would be 40 miles away from the children, working in San Francisco. Considering the factors applicable in section 48-332, we find no abuse of discretion in granting custody to the father.

The mother next argues the district court erroneously based its custody decision on the superior earning power of the father.

The father earned approximately $1,800 per month and the mother would earn substantially less in her position as an accounting clerk. Nothing in the record expressly states the district court considered this factor in determining the custody issue, but the mother argues the court must have done so because that was "the only distinction between the parties" favorable to the father that was set forth in the district court's findings of fact. That is not enough. Absent any other indication in the record we will not presume the district court's custody award to the father was based on his superior earning power.

The mother's final argument is that the district court erred in finding the evidence rebutted the presumption in favor of awarding custody of children of tender years to their mother when all things are equal. In Tweeten v. Tweeten, ____Mont._____, _____P.2d_____, 34 St.Rep. 337, 341, we stated this presumption continues under the Uniform Marriage and Divorce Act, but held that it is not conclusive and each custody case must be decided on its own facts "rather than by the use of 'controlling or conclusive' presumption. * * *"

In The Matter of the Adoption of Redcrow, _____Mont.____, _____P.2d_____, 34 St.Rep. 306, 308, the Court stated that a finding that both competing couples are fit and suitable adoptive parents is "not equivalent to a finding that each would equally promote the best interests of the child." This is also true in custody cases. Accordingly, the district court was correct in concluding that "* * * this presumption, like any other disputable presumption, may be overcome by contrary evidence."

- 5 -

The mother relies on Casale v. Casale, (Ky.1977, No. 76-273), _____S.W.2d_____, where the Supreme Court of Kentucky reversed an award of custody of the parties' infant child to the father, stating:

> "* * * We are not prepared to define precisely the quantum of proof necessary to overcome the preference that the mother should be the custodian of children of tender years. This is a value judgment that has to be decided on a case-by-case basis. Here the evidence is so close, we are of the opinion that the natural preference for the mother should prevail."

It thus appears that the preference for the mother comes into play in Kentucky at the close of the evidence. That is not the case in Montana. Here, the parties proceed from the presumption and once it is overcome by a preponderance of the evidence there is no preference for the mother. In meeting this burden, the father need not prove the mother to be unfit.

In the instant case the district court found the presumption in favor of the mother had been overcome by the evidence and the interests of the children would be best served by granting custody to the father.

We affirm the judgment.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 6 -