No. 13864

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

LINDA ALLEN,

          Petitioner and Respondent,

-vs-

CLIFF ALLEN,

          Respondent and Appellant.

---

Appeal from: District Court of the Eighteenth Judicial
            District,
            Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Smith and Harper, Helena, Montana
        Jack Harper argued, Helena, Montana

    For Respondent:

        Landoe, Gary and Planalp, Bozeman, Montana
        Peter S. Lineberger argued, Bozeman, Montana

---

                    Submitted: January 13, 1978

                    Decided: FEB 22 1978

Filed: FEB 22 1978

*Thomas J. Kearney*    Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Linda Allen (wife) petitioned the District Court, Gallatin County, for dissolution of her marriage to Cliff Allen (husband). The husband appeals from the decree of the District Court dissolving the marriage of the parties; awarding custody of the two minor children of the marriage to the wife; imposing child support obligations on the husband; dividing the personal property of the parties; and ordering both parties to pay their own attorney fees.

The husband raises the following issues on appeal:

(1) Whether the evidence supports the District Court's judgment awarding custody of the minor children to the wife?

(2) Whether the findings of fact and conclusions of law support the judgment?

(3) Whether the failure to give to the husband the county welfare department's investigation report of custodial arrangements is grounds for vacating the judgment pursuant to section 48-335(3), R.C.M. 1947?

On cross-appeal, the wife contends the District Court erred in failing to award her attorney's fees at the trial court level, and additionally, she seeks $750.00 attorney fees for the services of her attorney in this appeal.

In determining the custody and control of minor children the paramount consideration is the welfare of the minor children. The trial judge has a superior advantage in resolving the difficult problem of child custody since he hears the testimony and views the demeanor of the witnesses. The District Court's decision on custody will not be overturned on appeal unless there is a clear abuse of discretion. Lee v. Gebhardt (1977), ____Mont. ____, 567 P.2d 466, 34

St.Rep. 810; In re Marriage of Isler (1977), ___ Mont. ____,
566 P.2d 55, 34 St.Rep. 545; In re Marriage of Tweeten
(1977), ____ Mont. ____, 563 P.2d 1141, 34 St.Rep. 337.

The statutory criteria for determining child custody is
found in the Montana Uniform Marriage and Divorce Act,
section 48-332, R.C.M. 1947, which provides:

> "Best interest of child. The court shall determine
> custody in accordance with the best interest of the
> child. The court shall consider all relevant factors
> including:
>
> "(1) the wishes of the child's parent or parents
> as to his custody;
>
> "(2) the wishes of the child as to his custodian;
>
> "(3) the interaction and interrelationship of the
> child with his parent or parents, his siblings,
> and any other person who may significantly affect
> the child's best interest;
>
> "(4) the child's adjustment to his home, school,
> and community; and
>
> "(5) the mental and physical health of all indi-
> viduals involved."

After receiving testimony and giving careful considera-
tion to the factors contained in section 48-332, the District
Court concluded the best interests of the minor children
warranted awarding the children's custody and control to the
wife. Since the husband has failed to establish by a clear
preponderance of the evidence that the District Court erred
in awarding custody of the minor children to the wife, the
District Court's decision on this matter will not be disturbed.
Brooks v. Brooks (1976), ____ Mont. ____, 556 P.2d 901, 33
St.Rep. 1114. We have reviewed the District Court's findings
of fact and conclusions of law and find them in harmony with
the District Court's decree awarding custody of the minor
children to wife.

The third issue raised by the husband addresses the county welfare department's investigation and report concerning the parties custodial arrangements for the minor children. The husband contends the District Court's judgment should be vacated because he did not receive a copy of the report. He contends this denied him an opportunity to cross-examine persons preparing the report and to offer testimony rebutting the report.

We recognize the provisions of section 48-335, R.C.M. 1947, as they pertain to the disclosure of an investigator's report concerning custodial arrangements. Subparagraph (3) of section 48-335 provides:

> "(3) The court shall mail the investigator's report to counsel and to any party not represented by counsel at least ten (10) days prior to the hearing. The investigator shall make available to counsel and to any party not represented by counsel the investigator's file of underlying data, and reports, complete texts of diagnostic reports made to the investigator pursuant to the provisions of subsection (2), and the names and addresses of all persons whom the investigator has consulted. Any party to the proceeding may call the investigator and any person whom he has consulted for cross-examination. A party may not waive his right of cross-examination prior to the hearing."

The critical distinction in the present case is that the husband failed to request any investigation and report until his concluding testimony at the trial. Testimony concerning custody of the minor children had already been given. However, the District Court ordered the county welfare department to perform an investigation and submit its report to the court. The welfare investigation was performed and a report on the custodial arrangements of wife and husband were submitted and filed with the District Court prior to the District Court's entry of findings of fact, conclusions of law, and decree.

-4-

In light of the husband's untimely request for a custodial investigation and report and his failure to submit a timely motion for a continuance in this matter, the husband's contentions must fail.

The final substantive issue is the wife's contention the District Court erred in failing to award attorney fees to her. The matter of attorney fees in an action for dissolution of marriage is governed by section 48-327, R.C.M. 1947, which provides:

> "Costs--Attorney fees. The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this act and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name."

This Court has held a showing of necessity is a condition precedent to an award of attorney fees. Whitman v. Whitman (1974), 164 Mont. 124, 519 P.2d 966; State ex rel. Sowerwine, v. District Court (1965), 145 Mont. 375, 401 P.2d 568. Here, the record discloses the wife presented evidence of her tenuous financial situation. However, when the wife's financial condition is compared to the husband's, we cannot conclude the District Court erred when it ordered both parties to pay their respective attorney fees at the trial court level. Where there is substantial evidence to support the findings of the District Court, such findings will not be disturbed on appeal. Kartes v. Kartes (1977), _____ Mont. _____, 573 P.2d 191, 34 St.Rep. 1576; Luppold v. Lewis (1977), _____ Mont. _____, 563 P.2d 538, 34 St.Rep. 227.

Our final consideration is the wife's cross-appeal for reasonable attorney fees incurred for this appeal. Section 93-8606, R.C.M. 1947, and Rule 33, M.R.App.Civ.P., provide the successful party shall recover from the other party his costs on appeal. However, attorney fees are not included as costs. State ex rel. Sowerwine v. District Court (1965), 145 Mont. 375, 401 P.2d 568. We find the wife here is not entitled to attorney fees on appeal on the record before us.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____

_____
Justices

Mr. Acting Chief Justice John Conway Harrison concurring:

I concur except for the failure of the majority to award attorney fees. I would award attorney fees to the respondent wife.

_____
Acting Chief Justice

-6-