No 14250

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

_____

IN RE THE MARRIAGE OF
DOROTHY G. HOUTCHENS,

Petitioner and Respondent,

and

LaVERNE R. HOUTCHENS,

Respondent and Appellant.

_____

Appeal from; District Court of the First Judicial District,
Honorable Robert J. Boyd, Judge presiding.

Counsel of Record:

For Appellant:

Smith and Harper, Helena, Montana
Charles Smith, III argued, Helena, Montana

For Respondent:

Jackson and Kelley, Helena, Montana
Gregory Jackson argued and Douglas Kelley argued, Helena,
Montana

_____

Submitted: November 16, 1978

Decided: MAR 15 1979

Filed: MAR 15 1979

_Thomas J. Kearney_
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Husband appeals from the judgment of the Lewis and Clark County District Court dissolving his marriage and making provisions for child custody, property distribution and attorney fees. He contends the evidence does not support the findings of the District Court as to child custody, property distribution and attorney fees awarded to the wife. He also challenges an order, incorporated into the divorce decree, holding him in contempt of court for failure to pay temporary child support and maintenance to the wife and requiring him to make these back payments.

The parties were married on May 10, 1975. Both had been married once before. The wife brought two children into this marriage. On June 5, 1976 one child was born of this marriage.

On July 19, 1977, the wife petitioned for dissolution. At the same time, a "temporary order and order to show cause" (one document) was submitted to the court along with the wife's affidavit attesting to: her fear of physical abuse by the husband; her then being unemployed; her having physical custody of the child; and, her need of $150 per month for child support and $200 per month for maintenance. The District Court signed the order which also provided that the husband appear and show cause on July 29, 1977 why the order should not be issued. On July 28, the court continued the show cause hearing until August 2, 1977 for unspecified reasons. According to the wife's testimony at trial, the parties resumed cohabititation and attempted to reconcile their differences during this period from July through October 1977 at which time they separated permanently. She stated that, therefore, she was only asking the court to order the husband to pay temporary support and maintenance after October 1977 until the date of trial.

-2-

In November 1977, the district judge ordered the cause transferred to Conciliation Court and for an official conciliator to explore the prospect of reconciliation between the parties. Again, reconciliation failed and the cause went to hearing on January 13, 1978.

At trial, numerous witnesses testified primarily on the relative suitability of the respective parties as custodian for the child. The court ultimately granted custody of the minor child to the wife, disposed of the marital estate and awarded attorney fees to the wife. The court also found the husband in contempt of the temporary order to show cause and ordered him to pay arrearages thereunder from October 1977, when the parties separated, permanently, until the date of trial.

Husband first contends the evidence was insufficient to support the District Court's award of custody to the wife. We disagree. Although some difference of opinion was expressed at trial on the proper custodian for the child, substantial credible evidence supported the court's decision to award custody to the wife. See Allen v. Allen (1978), _____ Mont. ____, 575 P.2d 74, 75-76, 35 St.Rep. 246, 247-48 (and authority cited therein). That is all that is required.

Husband next contends the court's disposition of marital property constituted an abuse of discretion. He argues that since only $1,550 worth of property was acquired during marriage, awarding the wife property with an aggregate value of $8,000 was an abuse of discretion under Berthiaume v. Berthiaume (1977), ____ Mont. ____, 567 P.2d 1388, 34 St.Rep. 921. In Berthiaume, marital assets held in joint tenancy were divided disproportionately contrary to the court's declared intent to distribute "as equally as possible". Berthiaume v. Berthiaume, supra at 1390. Nothing said in Berthiaume commands reversal of the case before this Court.

-3-

The fact that only $1,500 in assets were acquired during marriage is not determinative. Section 48-321, R.C.M. 1947, now section 40-4-202 MCA, calls for an equitable division of marital property by the court, regardless of however or whenever acquired or in whose name the property is held. Here, husband was in possession of a 1972 GMC pickup valued at $1,000, a 1967 Buick valued at $400, real property valued variously at $50,000, $56,000 and $100,000 and savings in the amount of $11,000. Wife had no savings and no real property but some personal property of minor value. Awarding her the 1975 Ford free of encumbrances which was worth $4,500 and $3,500 in cash was not an abuse of discretion under the circumstances.

The husband next asserts the court erred by holding him in contempt of the show cause order and requiring him to pay temporary child support and temporary maintenance due thereunder.

The "temporary order and order to show cause" was, in substance, both an ex parte restraining order and notice of a motion for temporary support and maintenance. Section 48-318, R.C.M. 1947, now section 40-4-106 MCA, permits motions for temporary support and maintenance to be combined with an ex parte application for a restraining order. Section 48-318, supra, provides in pertinent part:

> ". . . [E]ither party may move for temporary maintenance or temporary support of a child of the marriage entitled to support. The motion shall be accompanied by an affidavit setting forth the factual basis for the motion and the amounts requested.
>
> "(2) As a part of a motion for temporary maintenance or support or by independent motion accompanied by affidavit, either party may request the court to issue a temporary injunction for any of the following relief:

> ". . .
>
> "(b) enjoining a party from molesting
> or disturbing the peace of the other party
> or of any child;
>
> ". . .
>
> "(3) The court may issue a temporary
> restraining order without requiring notice
> to the other party only if it finds on the
> basis of the moving affidavit or other
> evidence that irreparable injury will result
> to the moving party if no order is issued
> until the time for responding has elapsed.
>
> "(4) A response may be filed within twenty
> (20) days after service of notice of motion
> or at the time specified in the temporary
> restraining order." Section 48-318, R.C.M.
> 1947, now section 40-4-106 MCA (Emphasis
> added).

The wife relies on section 48-318(4), supra, as foreclosing
the husband's opportunity to be heard on wife's motion for
temporary support and maintenance. While section 48-318(4),
supra, permits a response, it does not require a response.
It merely limits the time within which a response may be
filed. This construction is required both by the permissive
terms of the provision and by reference to section 48-315,
R.C.M. 1947, now section 40-4-103 MCA which provides, unless
otherwise specified by the Montana Uniform Marriage and
Divorce Act (M.U.D.A.), the Montana Rules of Civil Procedure
apply. In construing the civil rule on the form of motions,
Rule 7(b), Mont.R.Civ.P., this Court has frequently stated
that a motion is but an application for an order. A motion
is not a pleading and does not require responsive pleadings.
See e.g. Luppold v. Lewis (1977), _____ Mont. _____, 563
P.2d 538, 546, 34 St.Rep. 227; McVay v. District Court (1953),
126 Mont. 382, 392-93, 251 P.2d 840, 846. See also, 2A
Moore's Federal Practice §7.05. The husband's failure to
file a response did not render the motion, an order.

The July 19 temporary restraining order specified
July 29 for a show cause hearing at which time the issues of

-5-

whether the restraining order should continue pending trial, and whether temporary child support and maintenance should be ordered pending trial, would be determined. Thus, the portion of the show cause order relating to temporary support and maintenance was no more than the court's designation as to when the motion would be heard. On July 28, the court continued the hearing without date. The record is silent as to whether there ever was a show cause hearing on the motion. Since the terms of the court order clearly contemplated a show cause hearing before temporary support and maintenance would be ordered, it was not a final interlocutory order in the absence of a show cause hearing. We therefore reverse the District Court's finding of contempt and consequent order requiring the husband to make back payments. A valid order had never been entered requiring the payment of the temporary support and maintenance.

Finally, husband challenges the courts award of attorney fees to the wife and the sufficiency of evidence offered in support of the $1,000 attorney fees. He contends wife failed to establish necessity, a condition precedent to the award of attorney fees in a dissolution action according to section 48-327, R.C.M. 1947, now section 40-4-110 MCA; and Allen v. Allen (1978), _____ Mont. ____, 575 P.2d 74, 76, 35 St.Rep. 246, 249. We find the court was adequately apprised of the relative financial means of the parties, and sufficient evidence supported the court's finding of wife's necessity for the award of reasonable attorney fees. However, we do not find the method used to substantiate the amount of the attorney fees sufficient to uphold the award. "An award of fees, like any other award, must be based on competent evidence." First Security Bk. of Bozeman v. Tholkes (1976), 169 Mont. 422, 429, 547 P.2d 1328, 1331 (quoting Crncevich

-6-

v. Georgetown Recreation Corp. (1975), 168 Mont. 113, 120, 541 P.2d 56, 59). The only evidence supporting the $1,000 fee was the wife's acknowledgment in testimony that a $1,000 fee was reasonable under the circumstances. This evidence standing alone, is insufficient to verify the reasonableness of the attorney fees awarded. The cause is therefore remanded for determination of reasonable attorney fees consistent with the authority cited.

The judgment of the District Court is affirmed as to custody and property disposition but reversed as to contempt and arrearages under the show cause order.

The cause is remanded to the District Court for a hearing to determine reasonable attorney fees to be paid by the husband.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

-7-

Mr. Justice John C. Sheehy concurring in part and dissenting in part:

While I agree with the result relating to the custody, division of assets and reversal of the contempt order, I disagree with the conclusion that the evidence does not support the award of attorney fees.

The wife testified, without objection, that she had incurred a liability for attorney fees in the divorce action of $1,000 to $1,500 which she considered reasonable. No cross-examination on this point occurred, nor was counter evidence offered by the husband to show a lesser fee would be proper.

On that record, it is a fundamental rule of appellate law that the court will only consider objection to evidence to which proper objections have been made in the trial court. Butte Northern Copper Co. v. Radmilovich (1909), 39 Mont. 157, 101 P. 1078. If a party fails to preserve the record with timely objections and specific grounds therefor, that party cannot complain of the matter on appeal. Hayes v. J. M. S. Construction Co. (1970), ____ Mont. _____, 579 P.2d 1225, 34 St.Rep. _____.

Here, with a trial transcript of 230 pages, and five detailed exhibits prepared and submitted, it should be apparent to any district judge what the reasonable fees of attorneys would be to represent the petitioner in such a proceeding. It is a futile act to return the case to the District Court on this point. Very probably, a telephone call between counsel will settle the issue at or near the court's order, for the reasonableness of the award is apparent. If anything, we should return the case with instructions to the District Court to consider additional attorney fees to the petitioner or appellant, because, aside from the issue on the temporary support order, the appeal is near frivolous.

John C. Sheehy
Justice

-8-