No. 81-157

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

IN RE THE MARRIAGE OF

PATRICIA LOUISE MALCOLM,

        Petitioner and Respondent,

    -vs-

CORNEL HOWARD MALCOLM,

        Respondent and Appellant.

Appeal from:  District Court of the Eighth Judicial District,
In and for the County of Cascade, The Honorable
Joel G. Roth, Judge presiding.

Counsel of Record:

    For Appellant:

        Stephen E. Hagerman, Great Falls, Montana

    For Respondent:

        Larsen & Neill, Great Falls, Montana

Submitted on Briefs:  November 12, 1981

Decided:    FEB 4 1982

Filed:  FEB 4 - 1982

Thomas J. Kearney
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

On July 2, 1980, Patricia Malcolm (mother) petitioned the Eighth Judicial District for dissolution of her marriage to Cornel Malcolm (father). A temporary order was issued by that court on September 4, 1980, granting, among other things, temporary custody of the couple's three children to their mother. A decree dissolving the marriage was granted on January 27, 1981. Following further investigation, an order was issued on February 9, 1981, whereby the mother was granted permanent custody of the children and the father was ordered to pay one hundred dollars per child per month as child support.

The father appeals this custody order and claims that the District Court abused its discretion by granting custody of the children to their mother. He asserts that permanent custody of the children should not have been granted the mother for the following reasons:

(1) She has lived with another man while still married to her husband.

(2) She has "abused and neglected" the children by locking them in a car with a loaded gun.

(3) She has been in trouble with the police.

(4) She has left the children unattended on several occasions.

Therefore, asserts the father, it is not in the best interests of the children to grant permanent custody to their mother. He requests we reverse the District Court's order and grant him custody of the children.

This Court has long followed the rule that unless there is a clear abuse of discretion by the District Court, the

District Court's custody decision will not be overturned on appeal. The trial judge is in a better position to determine child custody as he has heard the testimony and observed the demeanor of the witnesses. Allen v. Allen (1978), 175 Mont. 527, 575 P.2d 74; In re Marriage of Tweeten (1977), 172 Mont. 404, 563 P.2d 1141; In re the Marriage of Isler (1977), 173 Mont. 29, 566 P.2d 55.

We find no clear abuse of discretion by the District Court in this instance. Therefore, we affirm the District Court's order.

The mother testified that she and her children lived with another man before she obtained a dissolution of her marriage. She also testified that the children were locked in her car with a loaded gun incident to her attempt to regain custody of the children from their father. The gun was initially pointed by the mother at the father and another man, after which it was placed in the mother's purse and locked by her in the car. The mother had also locked her children in the car to keep them from their father.

Although the court condoned neither of these actions on the part of the mother, it held that these instances did not necessarily prove that she was "totally unfit and incapable of being awarded custody of the children." We agree.

Evidence was presented which established that the father had assaulted the mother on several occasions. She was afraid of him. This evidence, coupled with the unusually emotional circumstances surrounding the use of the gun, leads us to the conclusion that there was no clear abuse of discretion by the trial court regarding this determination.

The contacts the mother has had with the police stem from the above described gun incident and a trespass. The

District Court did not abuse its discretion by failing to deny custody of the children to their mother as a result of the police contact.

Finally, evidence was presented at trial confirming that the one time the children were left alone at night, a neighbor periodically checked on them. We do not condone leaving young children alone at night without a babysitter present in the home. However, in light of the total evidence presented at trial, we do not find that the District Court abused its discretion on the basis of that single incident.

The best interest of the child is the primary factor to be considered when determining custody of the child. Section 40-4-212, MCA, states:

> "40-4-212. Best interest of child. The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:
>
> "(1) the wishes of the child's parent or parents as to his custody;
>
> "(2) the wishes of the child as to his custodian;
>
> "(3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
>
> "(4) the child's adjustment to his home, school, and community; and
>
> "(5) the mental and physical health of all individuals involved."

Factor number one is irrelevant in this dispute as both parents wish to have custody of their children. In addition, the trial court found both parents to be in good health and none of the children to have current relevant physical or mental health problems. Therefore, factor number five is also irrelevant to this dispute.

Evidence received at trial supports the District Court's

custody determination when it is applied to factors two,
three and four. When interviewed by Family Court Services,
both six year old Shawndel Malcolm and eight year old Ray
Shawn Malcolm expressed the desire to reside with their
mother. Although both children stated they loved their
father and would like to see him often, they both expressed
a fear of him. Three year old Sheronda Malcolm is too young
to express a preference.

Reports from school teachers indicated that the children
are well adjusted to their present school situations.
Neighbors of the Malcolms testified that the Malcolm children
are well behaved and are very suitable playmates for their
own children. The children seem to be well adjusted to
their current home, school and community.

Other testimony of neighbors and friends of the Malcolms,
as well as Sheronda's day care teacher, attested to the fine
interaction and interrelationship between Patricia Malcolm
and her children. She was willing to change jobs when the
new work hours at her former job interfered with the time
she had to spend with her children. The children were
reported to be clean, neat and happy. Evidence was received
indicating that the mother participated with her children in
numerous activities such as skating, swimming and trips to
the park.

Evidence was also received concerning the relationship
of Cornel Malcolm with his children. Although he apparently
did not spend as much time interreacting with his children
as did their mother, the times together were enjoyable to
all parties. He was found by the District Court to be a fit
and loving father. However, the finding that a parent is
both fit and capable does not necessarily mean it would be

in the best interests of the child to be put in that parent's custody. In re Marriage of Isler, supra; In the Matter of the Adoption of Redcrow (1977), 172 Mont. 366, 563 P.2d 1121.

Other factors supported by the evidence and considered by the District Court pursuant to section 40-4-212, MCA, support the court's determination that the best interests of the children would be served by granting permanent custody of them to their mother. They are:

> "1) The father failed to pay support for the children as temporarily ordered by the court.
>
> "2) The father had to be ordered by the court to deliver the children's clothing, furniture and household cooking utensils to the mother.
>
> "3) The father seldom visited the children following the separation of the husband and wife.
>
> "4) The father refused to permit the mother to have a military identification card so that she could shop at the base commissary and base exchange for food and clothing for the children."

Although these acts were apparently intended to irritate and inconvenience the mother, they also adversely affected the children. They were properly considered by the trial court and support the determination made.

The District Court found that "the preponderance of the evidence established that the petitioner is a good mother to the children, adequately cares for them, loves them, wants to be the custodian of the children, and is able to provide for their needs and to provide a home for them." We find ample evidence to support this finding and therefore affirm the permanent custody order of the District Court.

_____
Justice

We Concur:

_Frank H. Waswell_
Chief Justice

_Sem B Daly_

_Daniel J Shea_

_____
Justices