No. 81-458

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

IN RE THE MARRIAGE OF:

PHILLIP A. GRACE,

Petitioner and Appellant,

and

PAULINE K. GRACE,

Respondent and Respondent.

Appeal from: District Court of the First Judicial District,
In and for the County of Lewis and Clark
Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

For Appellant:

Herron, Meloy and Llewellyn, Helena, Montana

For Respondent:

Small, Hatch and Doubek, Helena, Montana

Submitted on briefs: March 3, 1982

Decided: APR 28 1982

Filed: APR 28 1982

_Thomas J. Kearney_
_____
                                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court of the First Judicial District, State of Montana, in and for the County of Lewis and Clark, arising out of a marital dissolution. At the time of their divorce, Phillip and Pauline Grace entered into a property agreement, dated September 26, 1979. This agreement was approved by the court and entered into the decree of dissolution of the marriage on the same date, September 26, 1979. Under the terms of the property agreement, among other provisions, the appellant husband promised: (1) to pay one-half of the income tax liability for the year of 1977; (2) to pay one-half of the real property taxes for year 1978 on the family residence located at 556-1/2 South Rodney, Helena, Montana; (3) to relinquish to respondent wife, a boat and equipment and to execute all documents necessary to effect the transfer and title of same; and (4) to assist respondent in refinancing a second mortgage on the family residence.

During the following year, the respondent was unable to pay off the second mortgage against her residence because the IRS had filed a tax lien against all of the property she received under the property settlement agreement because of appellant's failure to pay his share of the 1977 federal income tax. In addition, the appellant failed to pay his share of the 1978 property taxes as provided by the agreement and failed to turn over the boat trailer title and certain boating equipment to the respondent.

The respondent filed a petition in the District Court requesting that the appellant be found in contempt and required to perform as agreed to under the decree. In addition, she asked for attorney fees and costs for having to bring these matters before the court. A show cause hearing was held on July 16, 1981, and the court ordered on September 17, 1981, that the appellant: (1) immediately pay his one-half of the 1978 real estate property taxes against the family residence located at

- 1 -

556 and 556-1/2 South Rodney, together with penalty and accrued interest thereon; (2) execute and deliver title to the boat trailer and certain other boating equipment to the repondent; (3) pay the respondent the sum of $1,118.64 that she had incurred in additional interest because of the tax lien which encumbered her property from October 1980 to June 1981; and (4) pay the respondent's attorney fees in the amount of $705. From this order the husband appeals.

Three issues are presented for consideration:

1. Whether the wife failed to make a showing that the award of attorney fees was necessary and the District Court, therefore, erred in awarding attorney fees under section 40-4-110, MCA.

2. Whether the wife was entitled to damages for loss of interest when her actions (or lack thereof) were the proximate cause of her damages and the court erred in awarding same.

3. Whether the court erred in refusing to set aside the property agreement of the parties on the basis of a recent United States Supreme Court ruling excluding military pensions from marital estates.

Appellant argues that under our recent case law and under section 40-4-110, MCA, recovery of attorney fees and costs is barred unless the respondent makes a showing of necessity, citing Whitman v. Whitman (1974), 164 Mont. 124, 519 P.2d 966; In re Marriage of Gohner (1980), ____Mont.____, 609 P.2d 288, 37 St.Rep. 613; In re Marriage of Brown (1978), 179 Mont. 417, 587 P.2d 361; In re Marriage of McLean (1980), ____Mont.____, 609 P.2d 282, 37 St.Rep. 589. It is appellant's position that inasmuch as the wife presented no present fiscal statement showing her present financial situation that the court erred in awarding her attorney fees and costs.

Section 40-4-110, MCA, covering costs and attorney fees came into our Code with the passage of Chapter 536, Laws of 1975, which provided for the family law of this state. This section

was new to our law and provides:

> "Costs--Attorney's fees. The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 of this title and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name."

Since the adoption of this provision of our code this Court has approved the award of attorney fees in a number of cases. See In re the Marriage of Brown (1978), 179 Mont. 417, 587 P.2d 361; In re the Marriage of Kaasa (1979), ____Mont.____, 591 P.2d 1110, 36 St.Rep. 425; In re the Marriage of Houtchins (1979), ____Mont.____, 592 P.2d 158, 36 St.Rep. 50; Allen v. Allen (1978), 175 Mont. 527, 575 P.2d 74; Easton v. Easton (1978), 175 Mont. 416, 574 P.2d 989. In addition, note 69 ALR3d 152. We will not disturb the lower court's discretion where substantial evidence is found in the record to support the award.

In reviewing this record we find substantial evidence to support the award. Respondent supports herself by working as a telephone operator. Appellant's failure to pay his share of the federal taxes as ordered in the property settlement caused a tax lien to be levied against the property preventing respondent from paying off the second mortgage on her residence. As a result, respondent incurred additional interest accruing at $4.74 a day plus penalties. In addition, respondent's credit ratings were damaged which could affect her ability to obtain loans in the future. We uphold the District Court's award of attorney fees.

The next issue is directed to whether the wife was entitled to damages for loss of interest and whether her actions or lack thereof were the proximate cause of those damages.

The appellant argues that as part of the property settlement agreement he agreed to pay one-half of the couple's income tax for 1977. He failed to do so. However, he alleges that the

wife's failure to refinance the second mortgage so as to avoid a balloon payment due several months after the property settlement agreement was signed, caused the damages that she alleged. Appellant argues that respondent waited some fifteen months, until October 1980, before making any effort to refinance the second mortgage, at which time she discovered that several weeks earlier the Internal Revenue Service had placed a lien on her property because of appellant's failure to pay the taxes.

Appellant argues that if respondent had fulfilled her obligation within a reasonable time there would have been no loss of interest during the pendency of the removal of the tax lien. Therefore, respondent is asking appellant to pay damages which could easily have been avoided had she carried out her obligation to refinance the property within a reasonable time after the property settlement was signed. Having failed to do so, respondent cannot now take advantage of her own failure by requiring appellant to pay interest from the date of refinancing to the date the tax lien was removed.

Appellant's argument begs the question. The trial judge found: (1) that the appellant failed to pay the one-half of the federal income tax for 1977 as he had agreed; (2) on March 8, 1980, the IRS placed a lien against all respondent's property; (3) that the lien prevented the respondent from closing a loan which would have enabled her to pay the second mortgage against her home due on October 15, 1980; (4) that the lien remained until June 8, 1981; and (5) that the respondent became obligated for the interest on the second mortgage in the amount of $4.74 a day from October 15, 1980, to June 8, 1981, for a total sum of $1,118.64.

Appellant's argument concerning avoidance does not apply to this case. Under the property settlement agreement, respondent was compelled to assume indebtedness against the residence, and when she became obligated to refinance the second mortgage she was prevented from securing a loan because of a tax lien that

- 4 -

had been filed against the property. Appellant failed to pay his portion of 1977 income tax and that failure caused the tax lien to be filed, causing respondent to pay considerable interest. Appellant's failure to make the tax payment was a violation of the agreement, and the court properly so held.

The third issue is whether the court erred in refusing to set aside the property settlement agreement on the basis of a recent United States Supreme Court case excluding military pensions from marital estates.

At the time the petition to dissolve the marriage was filed, the wife asked for, among other things, in the distribution of the marital estate a one-half interest in her husband's nondisability military retirement. During a recess in the dissolution hearing respondent's attorney contacted the appellant and his attorney and proposed a settlement awarding the entire marital estate to the respondent. She in turn would relinquish her claim to his military retirement. Appellant now argues that he agreed to this settlement on the assumption that respondent had a marital estate interest in his military retirement on the basis of the California decision in In re Fithian (1974), 111 Cal.Rptr. 369, 10 C.3d 592, 517 P.2d 449, and this Court's decision in In re Marriage of Miller (1980), ____Mont.____, 609 P.2d 1185, 37 St.Rep. 556.

The respondent filed her petition on April 1, 1981, to enforce the property settlement. Appellant filed a motion to quash and set aside the original property settlement agreement on the basis of the United States Supreme Court decision in McCarty v. McCarty (1981), ____U.S.____, 101 S.Ct. 2728, 69 L.Ed.2d 589. That case reversed the California Supreme Court and held that military retirement pay is not part of the marital assets that could be distributed in state divorce proceedings. After a joint hearing was held on the motion to quash and the petition for enforcement, the trial court denied appellant's motion to quash and ordered, among other things, that he pay the respondent the

- 5 -

sum of $1,118.64 for additional interest she had become obligated for on the note. Appellant now argues that in view of the holding in McCarty v. McCarty, supra, the property settlement agreement is unfair to him and should be set aside and the property distribution redetermined.

We find McCarty distinguishable in a number of areas. First, Mr. McCarty consistently took the position that only he was entitled to his military pension. He took that position all the way to the United States Supreme Court, having lost in the state court. Appellant, in this case, entered into an agreement, or a contract, with his wife before the decision in McCarty. At the time he made the agreement he was not coerced by the court into any property settlement agreement. He was represented by counsel and arrived at the agreement through negotiations with the respondent.

Appellant chose to settle the property distribution issue by contractual relations with the respondent. The agreement between the parties was entered into on September 26, 1979, approved by the court and incorporated into its decree on that date. McCarty was not decided until June 26, 1981, some twenty-one months later. In the meantime, the appellant had disobeyed the provisions of the agreement, causing the respondent considerable expense. We find no basis to overrule the District Court in its findings of fact and conclusions of law in this matter.

The evidence clearly shows that appellant failed to keep his agreement. The court was acting entirely within its prerogative and authority in enforcing the terms of the agreement by ordering the appellant to pay the unpaid portion of the 1978 property taxes, to deliver the boating equipment that he was still holding, and to pay the additional interest on the second mortgage during the time that the tax lien foreclosed the closure of respondent's loan to pay off the second mortgage. In addition, we find that the court's order awarding attorney fees to respondent caused by her having to seek the enforcement decree

was proper.

We affirm the District Court and return this matter to the trial court for setting reasonable attorney fees and costs on this appeal.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 7 -