

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: WARREN CHARLES BODEKER,

_____

ROXSANNA RYAN, the personal
representative of the Estate of Warren
Charles Bodeker,

          Debtor-Appellant,

  v.

CHRISTY L. BRANDON,

          Trustee-Appellee.

No.   15-35212

D.C. No. 9:14-cv-00195-BMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted April 5, 2017
Seattle, Washington

Before:  KOZINSKI and W. FLETCHER, Circuit Judges, and TUNHEIM, Chief
District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

Appellant Roxsanna Ryan appeals the district court's reversal of the bankruptcy court order granting Debtor Warren Charles Bodeker's motion to rescind his waiver of a homestead exemption which Bodeker agreed to as part of a stipulation. We affirm.

First, *Law v. Siegel* is not a subsequent change in the law applicable to this case because no court equitably surcharged Bodeker's homestead. *See* 134 S. Ct. 1188, 1194–97 (2014). Even if *Siegel* applied, a subsequent change in law generally does not provide a basis for a party to rescind a stipulation. *In re Marriage of Grace*, 643 P.2d 1188, 1191–92 (Mont. 1982); *see also Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) (holding that "enforcement of settlement agreements [is] governed by principles of local law").

Second, 11 U.S.C. § 522(e) only applies to the waiver of an exemption in favor of a creditor with an "unsecured claim." Trustee-Appellee Christy L. Brandon is neither an unsecured creditor nor holds an unsecured claim. Any incidental benefit to Bodeker's creditors as a result of the stipulation does not render § 522(e) applicable to this case.

**AFFIRMED.**