Argued November 22; affirmed December 10; rehearing denied
December 31, 1935

IN RE FLORA'S ADOPTION
STEIDLE ET UX. *v.* ST. AGNES BABY HOME
(52 P. (2d) 178)

*Harold V. Newlin,* of Portland, for appellants.
*John F. Cahalin,* of Portland, for respondent.

CAMPBELL, C. J. This is an appeal from a decree in adoption proceedings in the Court of Domestic Relations of Multnomah county, denying the petition for adoption.

On February 14, 1935, appellants filed a petition in said court in which they alleged their marital status, residence and permanent post office address; the age, sex and residence of the minor child sought to be adopted; the written consent of the said minor child's parents, said written consent being made a part of said petition; the financial condition and the ability, the fitness of the petitioners to care for, support and educate said minor child, and asking that the said minor child's surname be changed to conform to that of the petitioners.

It was further alleged that on November 25, 1933, said minor child had been temporarily committed to the custody and control of the St. Agnes Baby Home, an Oregon corporation, a child-caring agency and institution and respondent herein.

It appears that this petition was referred to the State Child Welfare Commission (Oregon Code 1930, § 33-401), which thereafter, on March 8, 1935, filed a report thereon in which among other things they alleged:

"On March 22, 1934, the Court of Domestic Relations of Multnomah County made an order permanently committing Barbara Marie Flora to St. Agnes Foundling Home. This order carried a provision that the permanent committment was to be suspended thirty days in order to give the parents of this child opportunity to establish their home and provide for the child themselves. On February 22, 1935 the Court of Domestic Relations of Multnomah County issued an order confirming the permanent commitment of Barbara Marie Flora to St. Agnes Foundling Home."

On March 28, 1935, the matter came on for hearing and was postponed by the court until April 5, 1935, in order to give the respondent opportunity to be heard.

Thereafter on the 5th day of April, 1935, respondent filed an answer to the said petition by way of report, in which it alleged its incorporation and purpose, and the approval of the State Child Welfare Commission to have the care, custody, control and guardianship of dependent children; that on November 25, 1933, the Court of Domestic Relations of Multnomah county made an order of temporary commitment mentioned in the petition for adoption, to said respondent. It then gave the ages and sexes of the children and that the father was required to pay $36 per month for the support of said minor child and a minor sister and brother of said child, and that he failed to do so, and:

"That thereafter, on March 22, 1934, a hearing was regularly held in said proceeding in said Court, and both of said parents were present in said Court at said hearing, having been each regularly served with a citation in Multnomah County, Oregon, on March 10, 1934, which citation ordered them to be present at said hearing, and on said March 22, 1934, a judgment and decree was duly given and made in said proceeding permanently committing said children to said St. Anges Baby Home, and decreeing that said children were dependent children, and that said institution shall have authority to place said children in a family home with or without indenture, and be made a party to any proceeding for legal adoption of the said children. That said judgment and decree has never been modified or revoked, and is still in force and effect. That this institution has had the custody, control, care and maintenance of said children since November 24, 1933, and has been the legal guardian of the person of said children since March 22, 1934, and is now such guardian. That neither of the said parents of said children has contributed anything at all for the care, support and maintenance of said children or any of them since

November 24, 1933, and have wilfully deserted and neglected to provide any care or maintenance for said children since said date, and ever since that date said children have been dependent upon the public for such care and maintenance.

That this institution has been endeavoring to place all of said children for adoption in one private family home as it would be for the best interest of said children if that could be accomplished, and said children be raised together. That prior to the institution of this adoption proceeding this institution pledged said Barbara and Shirley Flora for adoption to two couples who reside in Portland, Oregon, and who are closely related. Each of said couples desires to adopt one of said children, they are suitable and proper persons to adopt said children, and have sufficient means to properly care and give attention to said children. Because of the blood relationship existing between these two couples these two children would have the advantage of being brought up together, and it would be for their best interests that this be done.

That prior to the commencement of this proceeding this institution notified petitioners herein that said Barbara was not available for adoption by them because of said above facts and other considerations made known to them at that time. That it has made thorough investigation of petitioners and has given full consideration to the petition, and it is of the opinion that it would not be for the best interests of said child that this adoption be made. The controlling consideration is the welfare of said Barbara as well as that of her sister, Shirley. The reasons heretofore made known to the petitioners still apply, and therefore this institution objects to this adoption being made, and recommends that said petition be denied.''

Thereafter on April 5, 1935, said petition came on for hearing. The court took the matter under advisement and on May 18, 1935, made and entered an order denying said petition for adoption. From that order, petitioners appeal.

The cause is before the court without a bill of exceptions, or without any transcript of evidence, if any were taken. The allegations of the petition of appellants stand undenied. The allegations of the report of the State Child Welfare Commission, and the answer of respondent, are undenied.

"Guardianship and consent to adoption for dependent and delinquent children shall be held or given as follows: Incorporated private child-caring agencies, societies or institutions, duly licensed under the provisions of this act, shall be the guardians of the persons of all dependent or delinquent children committed to them through permanent orders by courts of competent jurisdiction. They may retain such children in institutional care, or may place them in private family homes, either temporarily or as members of families; and where they deem such action proper and desirable, may consent in *loco parentis* to the legal adoption of such wards." Oregon Code 1930, § 33-710.

If the allegations in the report of the State Child Welfare Commission and those in the report of respondent be true, the petitioners have not brought themselves within the statute by obtaining the consent of respondent.

■ In adoption proceedings, there are four interested parties: (1) The minor child; (2) the parents, or those standing in place of the parents; (3) the party seeking to adopt; (4) the state. It is not in the power of an individual to adopt the minor child of another of his own volition, or merely by the consent of the parents; such adoption may only be made by strictly conforming to the statute and with the approval of the court: *Furgeson v. Jones*, 17 Or. 204 (20 P. 842, 3 L. R. A. 620, 11 Am. St. Rep. 808).

■ Some affidavits have been filed in this court attempting to show that such orders, as alleged, were

not made by the court below, but these causes are only tried by this court on the record made in the court below, and not by any evidence attempted to be introduced here, so the court can not consider such affidavits.

On the state of the record, there is nothing that this court can do except affirm the decree of the lower court. It is so ordered.

BEAN, BAILEY and RAND, JJ., concur.