Argued January 11, reversed January 25, 1956

IN THE MATTER OF CLARA MARIE KOGER,
ALLEGED DEPENDENT MINOR CHILD,
and
IN THE MATTER OF THE ADOPTION OF CLARA MARIE KOGER,
MINOR CHILD.
DENNIS ET UX
292 P. 2d 791

*Jean L. Lewis,* of Portland, argued the cause and filed a brief for appellants.

*Manche I. Langley,* of Portland, Deputy District Attorney for Multnomah County, Oregon, argued the cause for respondents. With her on the brief was John B. McCourt, of Portland, District Attorney for Multnomah County, Oregon.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE and PERRY, Justices.

### LATOURETTE, J.

We have before us two appeals by James W. Dennis and Marjorie M. Dennis, his wife, one from an order denying their petition for the adoption of Clara Marie Koger, a minor child, and the other from an order permanently committing said minor child to the Albertina Kerr Homes (which is hereinafter referred to as The Homes), with a view to adoption. As both appeals involve the same minor, we are treating them concurrently in this opinion.

From the record it appears that on July 11, 1950, a petition was filed with the Multnomah County Circuit Court, Department of Domestic Relations, alleging the dependency of the above-named minor child, who at that time was one month of age. A hearing was had on said petition on August 1, 1950, with the mother, but not the father, appearing in court. The record shows that at that time the father was in the Multnomah county jail. There appears to have been no service of citation on him. The court entered an order declaring said child to be a dependent child. The child was thereupon placed in the home of Mr. and Mrs. Dennis as foster parents where she has continuously remained.

For reasons not disclosed by the record, but undoubtedly because the father had not been served with

citation in the original dependency proceeding, Arnold Lyslo of the Multnomah County Welfare Association, on May 5, 1953, petitioned the court to have the above named minor declared a dependent child. It was alleged in the petition that the mother of the child was confined in the Oregon State Hospital and that the father had abandoned her for a period longer than one year.

A guardian ad litem was appointed for the mother and a citation issued and published in the Daily Journal of Commerce requiring the father and all other persons claiming any interest in the matter to appear on the 14th day of July, 1953, to show cause why the child should not be permanently committed to The Homes for adoption.

Sometime around the middle of April, 1953, Mr. and Mrs. Dennis were apprised of the fact that the court contemplated making a permanent commitment of the child for adoption to The Homes. Being desirous of adopting the child themselves, and being of the belief that if the child were committed permanently to The Homes, they would have no difficulty in getting the consent of The Homes to the adoption, they contacted The Homes by letter requesting an opportunity to appear before the adoptive committee. No reply to the letter was forthcoming. After being unable to make any headway with The Homes, Mr. and Mrs. Dennis petitioned the court on May 20, 1953, for leave to adopt said child. The attitude of The Homes is reflected in its refusal to accept service of papers in connection with the adoption proceeding, and also, in a letter written by a director of The Homes to a director of the juvenile court, which letter stated, among other things, that it had several homes in which it could place the child.

On July 24, 1953, Mr. and Mrs. Dennis filed a petition in the dependency proceeding calling the court's attention to the fact that they had petitioned the court for the adoption of Clara Marie Koger. Thereafter a citation was issued to Mr. and Mrs. Dennis advising them that a hearing would be had on August 27, 1953, at 9:30 o'clock a. m., regarding the dependency of said child. The hearing was held on that date with Mr. and Mrs. Dennis present. On January 27, the court entered a formal order in the depency case permanently committing the child to The Homes, "with a view to adoption." On the same date the court entered the following order in the adoption proceeding, to-wit:

"The petition of JAMES W. DENNIS and MARJORIE M. DENNIS for the adoption of the above named minor child having been considered by me in connection with and contemporaneously with the Matter of the Dependency of CLARA MARIE KOGER,

"IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the petition of JAMES W. DENNIS and MARJORIE M. DENNIS be and the same hereby is denied."

■■ The court erred in adjudicating the adoption matter in the dependency proceeding. Although the court has jurisdiction over both dependency and adoption, they are separate proceedings under the law. Mr. and Mrs. Dennis did not have their day in court. They had no notice whatsoever that the adoption matter was before the court. In any event, the court proceeded erroneously in hearing the two matters together, in view of ORS 419.550, which reads as follows:

"All cases coming under ORS 419.502 to 419.574 shall be heard at a special session of the court designated to hear the same, which for convenience may

be called the juvenile court. No matter other than such cases shall be on the calendar or be heard at such session, nor shall there be permitted to be present at such special session any person on trial or awaiting trial whose case is not such a case."

Inasmuch as the court in the dependency proceeding was called upon to adjudicate whether or not the child should be committed to The Homes with a view to adoption, and inasmuch as Mr. and Mrs. Dennis were attempting to adopt the child, as a matter of justice not only to Mr. and Mrs. Dennis but to the child, the court should have continued the dependency proceeding awaiting the outcome of the adoption proceeding.

If the order of the court permanently committing the child to The Homes for adoption were permitted to stand, Mr. and Mrs. Dennis would have very little chance in the state of the record to successfully obtain the adoption of the child because they would have to get the consent of The Homes before they were successful in the child's adoption. See *In re Flora's Adoption*, 152 Or 155, 52 P2d 178. It appears from the record that The Homes has a waiting list of prospective adoptive parents and from its attitude, this list would be exhausted before any consideration would be given to Mr. and Mrs. Dennis. That The Homes was arbitrary in its attitude toward Mr. and Mrs. Dennis is further borne out by the language of the trial judge in his opinion, which in part is as follows:

"The petitioners through their counsel have bitterly assailed the Albertina Kerr Homes to which it has been recommended by the Court's counsellor that commitment of these children should be given for adoptive placement. The grounds for this is that Albertina Kerr Homes has refused to accept any

application for adoption of the children from the petitioners. All of the circumstances related indicate that Albertina Kerr Homes has been arbitrary in its attitude."

The two orders will be reversed with directions to the court to proceed with the adoption petition.