Argued September 6, review improvidently granted
December 20, 1973

In the Matter of Richardson, Rodney, Walter,
Nancy, Minor Children.

STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondents, v.*
RICHARDSON et ux, *Petitioners.*
517 P2d 270

*Nancy Snow Kaza,* Portland, argued the cause for petitioners. With her on the briefs were Charles R. Wil-

liamson, and Legal Aid Service, Multnomah Bar Association, Inc., Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent State of Oregon. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

No appearance by Harvey W. Keller, Portland, attorney for minor children Richardson.

PER CURIAM.

This case was initiated in the Juvenile Court of Multnomah County by the parents of three minor children who had been made wards of the court and placed in the custody of the Children's Services Division. The juvenile court ordered certain periodic visitation privileges, but the Children's Services Division either failed or refused to provide the visitation. The parents moved the court to require the Children's Services Division to allow the visitation established by the court. The juvenile court denied the motion on the ground that it had no authority to order the Children's Services Division to provide visitation. The Court of Appeals affirmed the juvenile court, 13 Or App 259, 508 P2d 476 (1973). We granted review.

At the time the case was before the Court of Appeals, the following pertinent provisions of ORS 419.507 were in effect:

"419.507. A child found to be within the jurisdiction of the court as provided in subsection (1) of ORS 419.476, may be made a ward of the court. Where a child has been found to be within its jurisdiction, and when the court determines it would be

in the best interest and welfare of the child, the court may:

"(1) *Place the child on probation or under protective supervision. The court may direct that the child remain in the legal custody of his parents or other person with whom he is living or may direct that the child be placed in the legal custody of some relative or some person maintaining a foster home youth care center authorized to accept the child. The court may specify particular requirements to be observed during the probation or protective supervision consistent with recognized juvenile court practice, including but not limited to restrictions on visitation by the child's parents, restrictions on the child's associates, occupation and activities, restrictions on and requirements to be observed by the person having the child's legal custody and requirements for visitation by and consultation with a juvenile counselor or other suitable counselor. Restitution for property taken, damaged or destroyed by the child may be required as a condition of probation.*

"(2) Place the child in the legal custody of the Children's Services Division for care, placement and supervision.

"* * * * * .

"(d) *To insure effective planning for children, the Children's Services Division shall take into consideration recommendations and information provided by the committing court before placement in any facility certified by the Children's Services Division.*" (Emphasis supplied.)

The court construed the above statute to the effect that once the juvenile court places a child in the custody of the Children's Services Division, the court "relinquishes control over such day-to-day administrative matters as visitation."

The majority opinion of the Court of Appeals states:

"By referring to ORS 419.507, it is noted that subsection (1) authorizes the juvenile court to go into a great deal of detail in specifying the requirements to be observed if the court places its ward in the custody of any of the persons or facilities set out in that subsection. Subsection (2), on the other hand, contains no such authorization when the court decides to exercise its option of placing the child in the custody of the Children's Services Division. This disparity of authority is so patent that we cannot conclude that it was the product of legislative oversight. Application of the principle of statutory construction, *expressio unius est exclusio alterius,* leads us to the conclusion that the legislature intended to give the court the power of specification in the one instance, while denying that power to it in the other. * * *"

The Court of Appeals concluded that while the juvenile court could recommend visitation to the Children's Services Division, the court had no authority to require the Children's Services Division to follow the court's recommendation.

The Court of Appeals' decision was rendered on April 9, 1973. At that time the legislature was in session, and the decision of the Court of Appeals was called to the attention of the legislature. We accepted review of the decision of the Court of Appeals on July 31, 1973, and heard oral arguments on September 6, 1973. In the meantime the legislature had considered and passed an amendment to ORS 419.507, and the amendment became effective on October 5, 1973. The amendment added the following subsection (f) to ORS 419.507:

"(f) Commitment of a child to the Children's Services Division does not terminate the court's con-

tinuing jurisdiction to protect the rights of the child or his parents or guardians."

The legislative history of the statute during the 1973 Session indicates that subsection (f) was added in response to the Court of Appeals' decision which was described to the legislature to mean that "once we [the juvenile court] commit to the Children's Services Division, we have no control of the child."

Presently, as a result of the amendment, the juvenile court's jurisdiction continues in all matters affecting the protection of the rights of the child or his parents or guardians. Such rights clearly would include the right of the court to exercise its discretion as to visitation by the parents. The court, in the event of a disagreement with the Children's Services Division over matters of visitation, now has the authority to make the final decision and may allow or deny visitation, or affirm the visitation established by the Children's Services Division.

We therefore hold that the review was improvidently granted.