Argued May 21, appeal dismissed and remanded August 12, 1974

IN THE MATTER OF THE ADOPTION OF TRAVIS MARTIN
KEPFORD, A MINOR.

## CHILDREN'S SERVICES DIVISION (No. A23602),
*Appellant, v.* ZACH ET UX, *Respondents.*

525 P2d 185

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Robert L. Burns,* Gresham, argued the cause for respondents. With him on the briefs were Burns & Lock, Gresham.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

This is an appeal by Children's Services Division of the Department of Human Resources from a denial of a motion to dismiss a petition for adoption of a child.

The child, born July 13, 1972 of an unwed mother, was duly placed by the Division pursuant to wardship and temporary commitment from the juvenile court in the foster care of petitioners.

The child's natural mother, prior to the filing of the adoption petition, had "released and surrendered all her parental rights, including rights in respect to adoption * * *," to the Division. Thereafter, without a consent for adoption to them from any person or agency, petitioners filed their petition for adoption. The Division moved to dismiss their petition on the ground that the Division's consent was required, citing ORS chs 109 and 418 and *McCleskey v. Welfare Comm.*, 4 Or App 308, 477 P2d 235 (1970), Sup Ct *review denied* (1971).

The circuit court in its order denying the motion found (without taking evidence) "[t]hat consent of the Division herein to the proposed adoption is jurisdictional." The court further found that "a fair and equitable interpretation" of ORS 109.316 (3)(b) required Division to show it had made a "sufficient and satisfactory investigation of the adopting parties * * *" (meaning the petitioners in this proceeding), and that the Division "failed" to make such an investigation and "merely summarily withheld consent" which was "arbitrary." The motion was denied. The court refused

to proceed further and entered no judgment, leaving the Division no supposed remedy other than appeal, or mandamus. (*See Sowell v. Workmen's Comp. Bd.*, 2 Or App 545, 551, 470 P2d 953 (1970).) We would like to treat the order as final and appealable inasmuch as the matter could thus be disposed of by action herein. However, ORS 19.010 provides:

"(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit *so as to prevent a judgment or decree therein.*

"* * * * *

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"* * * * *." (Emphasis supplied.)

If the court's order in this case had been to dismiss, it would have been final. That it was not. The judge, after orally making the order denying dismissal, announced that she expected the movant would want to appeal, and that she would await the outcome before proceeding. One counsel asked if such an order would be appealable and the court said, "Yes * * *." This appeal has proceeded. By thus proceeding court and counsel cannot confer jurisdiction on this court which is not authorized in ORS 19.010 quoted above. Therefore, this appeal must be dismissed.[1]

---

[1] Although we have no jurisdiction, we make the following observation. This court held in McCleskey v. Welfare Comm., 4 Or App 308, 477 P2d 235 (1970), Sup Ct *review denied* (1971), citing Hughes v. Aetna Casualty Co., 234 Or 426, 383 P2d 55 (1963); In Re Clara Marie Koger, 206 Or 307, 292 P2d 791 (1956); and In

Appeal dismissed and the case is remanded.

re Flora's Adoption, 152 Or 155, 52 P2d 178 (1935), that consent of the agency is required in circumstances like those here presented before a court can obtain jurisdiction. *See also* Franklin v. Biggs, 14 Or App 450, 453, 513 P2d 1216, Sup Ct *review denied* (1973), which states that action by an adoption court which acts without such jurisdiction is a nullity and without such jurisdiction the court "is without power to proceed * * *."

The facts in *McCleskey* were recognized by the trial judge in the case at bar to be "almost on all fours" with the present case.

At bar, the trial judge stated that "despite McCleskey" she found that ORS 109.316 (3)(b) required the Division to show that its decision to withhold consent was based upon a satisfactory investigation, and that "there is good reason for the withholding of consent."

The first four words of ORS 109.316 (3) provide for an investigation such as that the court held was required in this case *only* "Where consent is given * * *." ORS 109.316 (3). No consent was alleged to have been given to petitioners in the case at bar. Where the consent runs to the Division, the legislative scheme provides, as we said in *McCleskey*, "* * * [t]hat agency, like a parent and in the place of parents, with the knowledge it has of the child and the child's circumstances, gives or withholds consent, as a parent would do, * * * presumably with the best interests of the child as an objective * * *." 4 Or App at 312.

The court should not presume to be wiser than the law. Black's Law Dictionary 1577 (4th ed 1951), borrows from an Oregon case to define the doctrine of *stare decisis:*

"* * * Under doctrine [of *stare decisis*] a deliberate or solemn decision of court made after argument on question of law fairly arising in the case, and necessary to its determination, is an authority, or binding precedent * * * in other courts of * * * lower rank in subsequent cases where the very point is again in controversy. State v. Mellenberger, 163 Or. 233, 95 P.2d 709, 719, 720, 128 A.L.R. 1506 * * *."

The child in this case is over two years old and has been in foster care most of his life. While social workers and agencies and courts and lawyers have been engaged in these proceedings, the child probably could have been in a permanent home, most necessary to a good future. We assume a grave responsibility when such values are sacrificed.