Argued and submitted November 20, 1981,
affirmed as modified February 8, 1982

In the Matter of J. D., a Child.

STATE ex rel JUVENILE DEPARTMENT
OF WASHINGTON COUNTY
*Respondent,*

*v.*

H. B. D.,
*Appellant.*

(No. J-11355, CA A21417)

640 P2d 660

Ron D. Ferguson, Tualatin, argued the cause and filed the brief for appellant.

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Appellant challenges a juvenile court order committing his four-year-old daughter to the legal custody of Children's Services Division (CSD). He contends that the court erred in finding that it has jurisdiction, in awarding custody to CSD and in *ordering* that a petition be filed to terminate appellant's parental rights. We modify the order to delete its direction to file a petition to terminate parental rights; as so modified, we affirm.

When the child was three, her father shot and killed her mother. Appellant entered a "no-contest" plea to first degree manslaughter and was sentenced to 17 years imprisonment, with a five-year minimum.[1] After her mother's death and while her father was in custody, the child was in temporary foster care until CSD could complete a study and until the juvenile court could hear the state's petition, as amended, to make the child a ward of the court.

By the time of the hearing, both appellant and CSD agreed that the child should be placed with her maternal aunt and uncle in Arizona. Appellant had cooperated in making the placement arrangements and in setting up a conservatorship fund of about $85,000 for the child's benefit. The court recommended that placement in its order. Appellant's disagreement lies with the court's finding jurisdiction and awarding custody to CSD, which continues Oregon jurisdiction over any action to terminate appellant's parental rights, and with the court's ordering that a petition be filed to terminate parental rights.

■    Jurisdiction was *not* based on lack of parental care or on parental failure to provide under ORS 419.476(1)(e). Appellant has, so far as he is able while incarcerated, made arrangements to provide for the child's custody, care, and financial support. The trial court approved those arrangements when it recommended the placement appellant requested. The fact remained, however, that appellant would be incarcerated for an indefinite period and would be unable to supervise and ensure those arrangements. The child is too young to protect herself or to assist in her own care. Her circumstances are such that she needs someone to

---

[1] Appellant notes that the conviction and sentence are currently on appeal.

supervise and ensure the arrangements for her care. The legislature intended the state to have that role. ORS 419.476(2) confers jurisdiction "even though the child is receiving adequate care from the person having [her] physical custody." *See State ex rel Juv. Dept. v. Moyer,* 42 Or App 655, 601 P2d 821 (1979), *rev den* 288 Or 633 (1980) (legal guardianship, established to care for child while mother incarcerated, in addition to actual custody, did not defeat jurisdiction). Jurisdiction was established by a preponderance of the evidence. ORS 419.500(1).

■　　Further, under ORS 419.507, the court had broad latitude in placing the child, because she was in its jurisdiction. It did not abuse that discretion by placing the child in CSD's custody, particularly when the recommended foster home was in Arizona. The court was concerned that it and the State of Oregon have residual authority to protect the child in case the recommended foster care proved to be unsatisfactory or became unavailable. Because appellant, while incarcerated in Oregon, could not adequately protect the child's interests, the court awarded custody to an agency of Oregon that, by statute, is under the court's supervisory power. The justification for Oregon's continued involvement is not, as appellant contends, only, if at all, to prosecute termination proceedings.

■ ■　　However, the court erred in *ordering* CSD to initiate proceedings to terminate appellant's parental rights. ORS 419.482(2)(b) allows the court to direct that a petition be filed after a *preliminary* inquiry when the court is informed that a child may be in its jurisdiction. The only petition described in that section, and generally in chapter 419, is a petition "alleging that a child named therein is *within the jurisdiction* of the court * * *." (Emphasis supplied.) ORS 419.482(1); 419.484. The court's authority upon finding jurisdiction is enumerated in chapter 419. Directing that termination proceedings be commenced is not one of them. *See* ORS 419.507, 419.511, 419.513, 419.515, 419.529, 419.533. Although the court must grant CSD guardianship of a child if the court grants CSD legal custody, ORS 419.511(3),[2] neither grant terminates

---

[2] ORS 419.511(4) apparently deprives the court of its guardianship authority if guardianship is granted to CSD under ORS 419.511(3).

parental rights or requires that those rights be terminated.[3] Where, as here, the court grants legal custody of the child to CSD, we find nothing in the statutes authorizing juvenile courts to order that termination proceedings be commenced. Further, juvenile courts must protect not only the child's rights, but also those of the child's parents and guardians. See ORS 419.507(b)(F); *State v. McMaster,* 259 Or 291, 296, 486 P2d 567 (1971).

■ If the court, after finding the child to be within juvenile court jurisdiction, does not grant custody and guardianship to · CSD, it retains those responsibilities and may have power, on its own motion, to direct further proceedings. But when the court has granted custody and guardianship to CSD after a hearing on the jurisdiction petition, the court's powers are more limited. It has the power to *recommend* placement. ORS 419.507(2)(b). Under its continuing jurisdiction to protect the parties' rights, it may order CSD to remove a child from a poor placement. *Shrewsbury v. Larson,* 52 Or App 81, 627 P2d 910, *rev den* 291 Or 368 (1981). That does not give it the power to *order* specific alternative placement.[4]

Accordingly, we modify the order to delete therefrom the direction to CSD to commence proceedings to terminate appellant's parental rights.

Affirmed as so modified.

---

[3] However, the guardian has power to consent to adoption only if parental rights have been terminated. ORS 419.521.

[4] *State ex rel Juv. Dept. v. Richardson,* 267 Or 374, 377-78, 517 P2d 270 (1973), is not to the contrary. That case holds that the juvenile court has continuing jurisdiction over the juvenile, and that it could resolve a dispute between CSD and the parents over visitation rights on the motion of a party, but not on its own motion. That distinction is critical.