660 P.2d 707 (1983)
62 Or.App. 293
In the Matter OF A, S and E, Children.
STATE of Oregon ex rel. JUVENILE DEPARTMENT OF MULTNOMAH COUNTY, Respondent-Cross-Appellant,
v.
A, S and E, Appellants-Cross-Respondents.
Alvin L. WARE and Ervenia D. Ware, Respondents-Cross-Appellants,
v.
CHILDREN'S SERVICES DIVISION, Respondent,
v.
A, S and E, By and Through Lawrence D. GORIN, Guardian Ad Litem, Intervenor-Appellant-Cross-Respondent,
v.
STATE of Oregon ex rel. JUVENILE DEPARTMENT OF MULTNOMAH COUNTY, Intervenor-Respondent-Cross-Appellant.
Nos. 58,784, D8102-60858; CA A21939.
Court of Appeals of Oregon.
Argued and Submitted July 30, 1982.
Decided March 16, 1983.
*708 Lawrence D. Gorin, Portland, argued the cause and filed the brief for appellants-cross-respondents.
Keith Meisenheimer, Deputy District Attorney, Portland, argued the cause for intervenor-respondent-cross-appellant Multnomah County, and joined in the brief of respondent Children's Services Div.
Karen H. Green, Asst. Atty. Gen., Salem, argued the cause for respondent Children's Services Division. With her on the brief *709 were Dave Frohnmayer, Atty. Gen., Stanton F. Long, Deputy Atty. Gen., William F. Gary, Sol. Gen., Salem, and Keith Meisenheimer, Deputy Dist. Atty., Portland.
David Heynderickx, Portland, argued the cause and filed the brief for respondents-cross-appellants Alvin and Ervenia Ware.
Before BUTTLER, P.J., and WARREN and ROSSMAN, JJ.
ROSSMAN, Judge.
In these consolidated cases, the children, through their guardian ad litem, appeal from a circuit court order denying their motion to vacate their permanent commitment to CSD and continuing it for their adoptive placement in a home other than their foster home.[1] The foster parents appeal from the dismissal of their petition for judicial review of CSD's refusal to consent to their adoption of the children. The state cross-appeals from that part of the order directing CSD not to remove the children from their foster home without further court order, pending appeal. We modify the order to delete the direction to CSD not to remove the children pending appeal, but otherwise affirm.
The children, ages 10, 7 and 6 at the time this appeal was taken, were made wards of the court and temporarily committed to CSD's custody in February, 1977. They have been in the same foster home since January, 1977. The parental rights of the children's natural parents were terminated in March, 1979, and the children were permanently committed to CSD's custody for adoptive placement. In December, 1979, pursuant to the foster parents' request to be considered as adoptive parents, CSD staff conducted an adoption study of their home. On the basis of their study, in October, 1980, the staff decided not to consent to their application for adoption.
The foster parents sought judicial review, ORS 183.484, Graham v. Children's Services Division, 39 Or. App. 27, 591 P.2d 375, rev. den. 286 Or. 521 (1979), of CSD's refusal to consent to the adoption, and the children intervened. The petition for judicial review was consolidated with the juvenile court proceeding. The court dismissed the petition for failure to state a prima facie case. The foster parents and the children, in their "Statement of the Case," state that they are appealing from the dismissal of the petition for review, as well as the order continuing the commitment to CSD, but they do not assign error to any aspect of the order of dismissal, nor do they argue any issue raised by the petition for review. Therefore, the appeal from the court's disposition of the petition for judicial review is dismissed.
Because the children were permanently committed to CSD's custody for adoptive placement following the termination of their parents' parental rights, CSD's consent to their adoption is required. ORS 109.312; 109.316; McCleskey v. Welfare Commission, 4 Or. App. 308, 477 P.2d 235 (1970). When CSD refused to consent, the children moved to vacate CSD's permanent commitment so that the juvenile court could consent to the adoption by the foster *710 parents. The juvenile court denied the motion to vacate because, although it had the authority to vacate the commitment to CSD and then itself to consent to the adoption, it was determined to be in the children's best interests to continue in CSD's permanent commitment for adoptive placement outside the foster home. The children appeal.[2] After reviewing the record, we conclude that the trial court did not err in continuing permanent commitment to CSD's custody for adoptive placement.
The state cross-appeals from that portion of the juvenile court's final order directing CSD not to remove the children from the foster home without further court order pending appeal. Although the trial court may order CSD to remove a child from a poor placement, Shrewsbury v. Larson, 52 Or. App. 81, 627 P.2d 910, rev. den. 291 Or. 368 (1981), it does not have the authority to order a specific placement. State ex rel Juv. Dept. v. D., 55 Or. App. 912, 916, 640 P.2d 660 (1982).
Accordingly, we modify the order in 58,784 to delete the direction to CSD not to remove the children from the foster home pending appeal. The order in D8102-60858 is affirmed.
Affirmed as modified.
NOTES
[1] The denial of the children's motion to vacate permanent commitment and continuing commitment is reviewable under ORS 419.561(1), which provides, in part:

"* * * [A]ny person whose right or duties are adversely affected by a final order of the juvenile court may appeal therefrom. * *"
It is an "order," because it disposes of the children's motion and affects their right "to live with fit parents in a nurturing environment." State ex rel Juv. Dept. v. East, 38 Or. App. 59, 589 P.2d 744 (1979); cf. State ex rel Juv. Dept. v. Nagle, 36 Or. App. 237, 584 P.2d 338 (1978) (action continuing permanent commitment to CSD after review proceeding set by the court on its own motion as part of its continuing supervisory role was not an "order" within the meaning of ORS 419.561(1)). The order here is "final," because it disposes permanently of the children's motion, made for the purpose of removing the bar to adoption by the foster parents created by CSD's failure to consent to the adoption. Our review is de novo. ORS 419.561(4); 19.125(3).
[2] All parties frame the issues here as if the foster parents, as well as the children, were parties to the juvenile court proceeding and consequently are before us on this appeal. Specifically, the foster parents argue that, because the foster placement was of long duration, they have a "liberty interest" entitling them to preferential treatment over other prospective adoptive parents. The foster parents, however, were not parties to the proceeding on the children's motion. They moved to intervene, but the record discloses that the motion was denied. Because they were not parties to the juvenile court proceeding, they have no standing to appeal from the court's order. See ORS 419.561.