Argued and submitted November 2, 1984, affirmed May 1, 1985

In the Matter of the Adoption of
Michael Lee Baker, a Minor Child.

GROVE et ux,
*Appellants,*

*v.*

BAKER et al,
*Respondents.*

(58-84-00679; CA A31803)

698 P2d 1017

William A. Furtick, Eugene, argued the cause and filed the brief for appellants.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent Children's Services Division. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

James A. Palmer, Eugene, waived appearance for respondent Angela Baker.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Petitioners appeal from an order that granted Children's Services Division's motion to dismiss their petition to adopt Michael Baker, who had been placed in foster care in their home in January, 1982, when he was approximately six weeks old. The parental rights of Michael's natural father had been judicially terminated in February, 1983, and Michael was permanently committed to CSD at that time. Proceedings to terminate the natural mother's rights were not successful. Petitioners alleged that they expected CSD to support the petition and that, although the natural mother had not consented, her consent was not required, because she was mentally ill and mentally deficient, ORS 109.322, and had willfully neglected the child for over one year. ORS 109.324. CSD moved to dismiss on the ground that the trial court lacked jurisdiction to hear the petition, because CSD had not consented to the adoption.

The precise issue is whether CSD's consent to an adoption is jurisdictional when the rights of only one parent have been terminated in favor of CSD. Petitioners' argument that consent is not jurisdictional focuses on ORS 109.316, which in relevant part provides:

"(1) The Children's Services Division or an approved child-caring agency of this state, acting in loco parentis, may consent to the adoption of a child who has been:

"(a) Surrendered to it for the purpose of adoption under ORS 418.270 if compliance is had with the provisions of that section; or

"(b) Permanently committed to it by order of a court of competent jurisdiction; or

"(c) Surrendered to it for the purpose of adoption under ORS 418.270 by one parent if compliance is had with the provisions of that section and permanently committed to it by a court of competent jurisdiction having jurisdiction of the other parent.

"(2) Where consent is given under this section, no other consent is required."

Petitioners concede that, under circumstances described in the statute, CSD's consent to an adoption is jurisdictional. *See State ex rel Juv. Dept. v. V.,* 62 Or App 293, 296, 660 P2d 707 (1983); *State ex rel Juv. Dept. v. Kenneth M.,*

27 Or App 185, 190, 555 P2d 933, *rev den* (1976); *McCleskey v. Welfare Comm.,* 4 Or App 308, 311, 477 P2d 235 (1970), *rev den* (1971). They assert, however, that ORS 109.316 makes CSD's consent a jurisdictional prerequisite only in three situations—when *both* parents have surrendered their parental rights to CSD, when a child's permanent commitment to CSD results from judicial termination of *both* parents' rights and when the respective parental rights have been surrendered to CSD by one parent and judicially terminated in favor of CSD as to the other parent. Pointing to ORS 109.316(2), petitioners argue that the statute cannot be intended to address situations such as this, in which CSD has acquired only one parent's rights, because it would permit the anomalous result of giving CSD exclusive authority to consent to an adoption in abrogation of the retained rights of the other parent.

Petitioners' suggested interpretation of the statute does not withstand analysis. ORS 109.316 must be considered in the context of the statutory scheme. *See Children's Services Div. v. Weaver,* 19 Or App 574, 528 P2d 556 (1974). The trial court's authority to commit a child permanently to the custody of CSD derives from ORS 419.527(1):

"(1)   After the entry of an order terminating the rights of the *parent or parents* of the child, the court may:

"(a)   Place the child in the legal custody and guardianship of a public or private institution or agency authorized to consent in loco parentis to the adoption of children. *An order pursuant to this paragraph is a 'permanent commitment' for the purposes of ORS* 109.305, *109.310 to 109.330* and 109.345 to 109.390 * * *." (Emphasis supplied.)

From ORS 419.527(2), it is clear that an agency acting *in loco parentis* may have authority to consent to an adoption with respect to one parent but not the other:

"(2)   If the rights of only one parent have been terminated, the authority to consent to the adoption of the child as provided in paragraph (a) of subsection (1) of this section is effective only with respect to the parent whose rights have been terminated."

Reading the provisions of ORS 419.527 together with ORS 106.316(1)(b), we conclude that CSD's consent to an adoption is jurisdictional not only under the circumstances conceded by

petitioners, but whenever a child is permanently committed to CSD, regardless of whether that permanent commitment arises from the termination of the rights of only one parent and regardless of the other parent's independent grant or denial of consent. The provisions of ORS 109.316(1)(c) clarify that CSD's consent in lieu of both parents may be predicated on a surrender of one parent's rights and a permanent commitment with respect to the other. We read ORS 109.316(2) to mean that when a parent has surrendered a child to CSD for adoption or the parental rights of the parent have been terminated, and the child is permanently committed to CSD, CSD's consent is effective as to the rights of that parent.

The cases cited by petitioners do not support their position. In *State ex rel Juv. Dept. v. Holland,* 290 Or 765, 625 P2d 1318 (1981), CSD sought termination of a mother's parental rights to each of her three children and of her husband's parental rights to one of those children of whom he was the father. The fathers of the other two children were not parties to the proceeding. CSD sought review of this court's decision denying termination of the mother's parental rights to any of the children and of the father's to his child. The threshold issue on review was whether the mother's intervening death rendered the appeal moot as to the mother's parental rights. The Supreme Court held that it did and dismissed review as to the mother. The court affirmed the denial of termination of the father's rights. In a footnote it stated that, "[a]lthough the children are in the custody of the Children's Services Division, CSD cannot consent to adoption because the children have not been permanently committed to it * * * or surrendered to it by the responsible parties." 290 Or at 768 n 2. Contrary to petitioners' assertion, we do not read that footnote to imply that CSD must hold the parental rights of *all* surviving parents before it can consent to an adoption, but that CSD's authority to consent in lieu of *a* parent arises, not from mere custody of a child, but is conditioned on the child's commitment to CSD or a surrender to CSD of the responsible party's rights.

*State ex rel Juv. Dept. v. Kenneth M., supra,* similarly does not aid petitioners. There, the paternal grandparents of two children filed a petition for adoption showing the consent of the father, the children's only living parent, *after* CSD had filed a petition to terminate the father's

parental rights. The trial court ordered the father's rights terminated, committed the children to the permanent custody of CSD and denied the grandparents' petition for adoption. On appeal, this court affirmed, noting that, because the petition for termination had not been determined at the time the petition for adoption was filed, consent of CSD was not and could not have been recited in the petition for adoption. We held that procedural precedence properly had been given to the termination decision and, on subsequent consideration of the grandparents' adoption petition, found it jurisdictionally insufficient, because CSD had acquired sole authority to give consent. Nothing in *Kenneth M.* is authority for the position advocated by petitioners that, if an adoption petition is filed when CSD has succeeded to the parental rights of only one parent and there is another parent who retains parental rights, CSD's consent is not jurisdictional.

*Children's Services Division v. Weaver, supra,* and *Children's Services Division v. Zach,* 18 Or App 288, 525 P2d 185 (1974), also cited by petitioners, are inapposite. *Weaver* holds that the juvenile court retains authority to set aside or modify its own commitment orders; *Zach* holds that the denial of a motion to dismiss an adoption petition on the ground that CSD's consent was required is not an appealable order. Those cases offer no support for petitioners' position.

We hold that, when the permanent commitment of a child to CSD results from termination of the parental rights of only one of the parents, CSD's consent *in loco parentis* to the adoption of the child is required with respect to the parent whose rights have been terminated and that consent is jurisdictional. Here, because CSD, as successor to the parental rights of Michael's natural father, had not consented to petitioners' adoption of Michael, the trial court was without jurisdiction in the adoption proceedings. The adoption petition was properly dismissed.

Affirmed.