Argued and submitted June 9, affirmed as modified December 31, 1986, reconsideration denied February 20, petition for review denied March 17, 1987 (303 Or 74)

In the Matter of the Marriage of

## WOODY,
*Respondent,*
*and*

## DRUMHELLER,
*Appellant.*

(D8207-70525; CA A37695)

730 P2d 624

John W. Lundeen, Lake Oswego, argued the cause and filed the brief for appellant.

Christine A. Ferris, Portland, argued the cause for respondent. With her on the brief was Stoel, Rives, Boley, Fraser & Wyse, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

**JOSEPH, C. J.**

Mother and father were divorced in 1983. The judgment incorporated an agreement which granted custody of their child to mother and provided extensive visitation rights for father. It also provided:

"Neither party shall move from the State of Oregon for a period greater than thirty days without notifying the other and making arrangements for continued visitation or obtaining approval from the court."

In May, 1984, mother and the child moved to California without any notification to father. That precipitated his motion to modify the judgment, requesting either a change of custody or four months' annual continuous visitation and termination of child support. He also petitioned the juvenile court for an investigation regarding the circumstances of the child and for appropriate court action.

The domestic relations court ordered:

"(1)    This case shall be consolidated with the Juvenile Court petition, filed in Case No. 87411.

"(2)    The minor child * * * shall be made a ward of the court.

"(3)    Temporary custody * * * shall be awarded to the State of Oregon, Children's Services Division, who shall arrange courtesy supervision with the State of California, the child's residence, to arrange and control a program aimed at the re-integration of the father-son relationship.

"(4)    Physical custody * * * shall remain with his mother, the petitioner, and the father's request for a change of custody shall be denied.

"(5)    Child support shall be suspended as of June 1, 1984, and until further order of the court.

"(6)    Quarterly progress reports shall be made by the applicable California agency that is supervising this case, and they shall be forwarded to the Oregon court.

"(7)    The mother * * * shall actively participate in the remediation program.

"(8)    The mother, * * * through her attorney, shall keep respondent informed of her current address and phone number.

"(9)    Supervised vistation rights shall be granted to the

father, at such time as it is found to be advisable by both his therapist and the California authorities.

"(10) The issue of finances for visitation shall remain open.

"(11) Both attorneys were requested to submit memorandums [sic] and/or affidavits regarding the issue of attorneys fees and costs. The court has considered those and hereby orders that the respondent shall have judgment against the petitioner, in the amount of $640.00."

Father appeals.

Father asserts that the trial judge erred in permitting physical custody to remain with mother and that he should be given custody or, at least, that mother should be ordered to return the child to Oregon. Father asserts that a change of custody is justified because of the unilateral abduction of the child from Oregon and mother's secreting of the child for a year. In *Lee and Lee,* 65 Or App 807, 672 P2d 399 (1983), we held that the trial court erred in ordering that the children's *physical* custody be with mother, after it had placed the children in CSD's *legal* custody. *See* ORS 419.507(1)(b)(B). In this case, therefore, the court committed an error in providing in the order that physical custody remain with mother. However, the court could not have ordered that physical custody be with father, because legal custody had been placed in CSD.[1] We decline to review father's assertion that he be granted legal custody, because he does not contest the award of legal custody to CSD, which is not a party to this appeal.[2]

---

[1] The nature of the error might well be termed technical. The trial judge was faced with an extremely difficult situation. The child had told mother a story of an incident in which father and his female companion *may* have committed sexual abuse. Mother sought *medical* advice but did not report the matter to an appropriate state agency. Several months later, and in violation of the dissolution judgment, she took the child to California and thereafter deprived father of any contact with his child. When this proceeding began, she proved recalcitrant about returning to Oregon for hearings. At the hearing, and through counsel, she refused to cooperate in various thoughtful proposals the trial court made in the best interests *of the child,* because those proposals were not in what she thought to be *her* interests. Husband's attitude was essentially the same. CSD was not very forthcoming about what it could or would do. Faced with those attitudes, the fact that mother and child had in fact returned to California and the unequivocal testimony of the experts that separating the child from mother would be "devastating" to the child, the court refused to award custody to father and permitted the "physical custody" language to be included in his order.

[2] It is quite clear that the award of "temporary custody" to CSD will have very little practical effect, at least in the short run, so long as the child is in California. It is

■ Father next argues that the court erred in refusing to set a fixed visitation schedule.[3] At the hearing, two experts suggested that he be permitted supervised visitation only after a therapy program for the child had been instituted. One testified that the probable length of that therapy would be four to six months. The other said that the child was frightened of his father and had no way to approach him. On *de novo* review, we conclude that the trial judge did not err in ordering that CSD accord him visitation rights only on the advice of the therapist and the California supervisory people.

■ Father contends that the court erred in not awarding him a greater amount of attorney fees and costs. The agreement incorporated in the dissolution judgment provides:

"If any suit * * * action or other proceeding or appeal from a decision therein is instituted to establish, obtain or enforce any right resulting from this agreement, the prevailing party, if he or she has first complied with the arbitration procedures set forth above, shall be entitled to recover from the other party, in addition to costs and disbursements, such additional sums as the Court may adjudge reasonable as attorney's fees, both in the trial and the appellate court."

The only issue on which father could be said to have "prevailed" is child support. The court did not act beyond the range of its discretion by awarding him only $640 as attorney fees.

Order modified to delete provision granting physical custody of child to mother; affirmed as modified. No costs to either party.

---

equally clear that the error in the order has little practical effect and that correcting it means virtually nothing. In the end, the interests of mother and father will have gained the advantage over the interests of the child, despite the best, and commendable, efforts of the trial judge.

[3] ORS 419.507(1)(b)(F) provides:

"Commitment of a child to [CSD] does not terminate the [juvenile] court's continuing jurisdiction to protect the rights of the child or the child's parents or guardians."

*See State ex rel Juv. Dept. v. Richardson,* 267 Or 374, 517 P2d 270 (1973).