Argued and submitted January 21, reversed and remanded March 18, 1998

In the Matter of the Adoption of
Baby S, a Minor Child.

Heidi SANT,
*Appellant,,*

*v.*

OPEN ADOPTION AND FAMILY SERVICES, INC.,
a licensed, private child-caring agency,
Stephen Talley and Pamella Talley,
husband and wife,
*Respondents,*

*and*

John E. WELLS, III,
*Defendant.*

(951072329; CA A96866)

956 P2d 226

Michael E. Rose argued the cause for appellant. With him on the brief were Michael Schumann, Tom Steenson, and Steenson, Schumann, Tewksbury, Later & Rose, P.C.

John Chally argued the cause for respondent Open Adoption and Family Services, Inc. Herbert A. Trubo argued the cause for respondents Pamella Talley and Stephen Talley. With them on the brief were Bouneff & Chally and Sorensen-Jolink, Trubo,Williams, McIlhenny & Williams LLP.

Before Landau, Presiding Judge, and Leeson, Judge pro tempore, and Linder, Judge.

LEESON J. pro tempore.

**LEESON, J. pro tempore.**

Plaintiff appeals from the trial court's order that dismissed her motion to set aside the judgment of adoption of her biological child. ORS 19.010 (1995). We review for errors of law and reverse and remand.

Plaintiff's motion to set aside alleges the following facts: In August 1995, plaintiff and child's putative father[1] contacted Open Adoption and Family Services, Inc. (Open Adoption), an Oregon licensed adoption agency, for counseling about surrendering their unborn child to Open Adoption for placement with an adoptive family. Plaintiff considered making the adoptive placement through other agencies, but she wanted an "open adoption" that would allow her to have an ongoing relationship with the child and the adoptive parents. Plaintiff and putative father chose adoptive parents from a list of prospective parents provided by Open Adoption and met with adoptive parents at the end of September 1995. Plaintiff and putative father began to establish a relationship with adoptive parents through telephone calls and a second meeting.

Before the child's birth, Open Adoption provided plaintiff with a blank adoption agreement and told her that she had the right to revoke her consent to the adoption for up to six months after the child's birth. However, if plaintiff revoked her consent, she would be liable for all unpaid costs associated with the birth and adoption of the child and would be obligated to reimburse adoptive parents for any costs they already had incurred.

Plaintiff gave birth to the child on October 8, 1995, three weeks prematurely. The next day, plaintiff and putative father signed forms given to them by an Open Adoption counselor that included the adoption agreement, a surrender, release and consent to adoption, and a certificate of irrevocability and waiver. The counselor read the documents to

---

[1] Putative father is not a party to this appeal. Defendants, as used in this opinion, refers to Open Adoption and adoptive parents.

plaintiff but did not explain them. Based on previous explanations that she had received, plaintiff believed that her consent to the adoption would be revocable for six months. Adoptive parents took physical custody of the child on October 9, and the child has remained in their care since then.

On October 18, plaintiff took a written revocation of her consent to the adoption to the Open Adoption office in Eugene. She then retained legal counsel to object to the adoption proceeding. In early November, plaintiff's counsel filed an objection to the adoption in Lane County, because that is the jurisdiction where the child was born, where plaintiff and putative father resided and where Open Adoption has an office. However, the objection was dismissed, because no adoption petition had been filed in Lane County. Plaintiff's counsel then filed an objection in Deschutes County, the jurisdiction in which adoptive parents reside. On December 21, 1995, the court notified plaintiff that no adoption proceeding regarding her child had been filed in Deschutes County.

Meanwhile, on October 25, adoptive parents filed the adoption petition in Multnomah County, where Open Adoption maintains its principal office. *See* ORS 109.309(4) (describing venue). The judgment of adoption was entered on December 22, 1995. When plaintiff learned that the judgment of adoption had been entered in Multnomah County, she filed a motion to set it aside under ORCP 71 B. She alleged mistake, inadvertence, surprise, or excusable neglect, as well as fraud, misrepresentation, or other misconduct by the adverse party. On November 21, 1996, plaintiff retained different legal counsel and amended her motion to set aside the judgment of adoption. In her amended motion, she abandoned her claim under ORCP 71 B and argued instead that the judgment of adoption was void on the grounds that Open Adoption had failed to comply with ORS 418.270,[2] that the

_____

[2] ORS 418.270 provides, in part:

"(1) If licensed for such purposes by the State Office for Services to Children and Families, a private child-caring agency may receive children from their parents or legal guardians for special, temporary or continued care. The parents or guardians may sign releases or surrenders giving to such agencies guardianship and control of the persons of such children during the period of such care, which may be extended until the children arrive at legal age. Such releases do not surrender the rights of such parents or guardians in respect to the adoption of such children and do not entitle such organization to give

statutory requirement that an attorney explain the certificate of irrevocability and waiver to plaintiff was not satisfied and that ORS 418.270 is constitutionally infirm.[3] Defendants moved to dismiss plaintiff's motion to set aside on the ground that plaintiff's attack on the judgment of adoption is precluded by ORS 109.381(2). The trial court agreed and granted defendants' motion. ORS 109.381(2) provides:

> "Except for such right of appeal as may be provided by law, decrees of adoption shall be binding and conclusive upon *all parties to the proceeding. No party* nor anyone claiming by, through or under a party to an adoption proceeding, *may for any reason, either by collateral or direct proceedings, question the validity of a decree of adoption entered by a court of competent jurisdiction of this or any other state.*" (Emphasis supplied.)

On appeal, plaintiff contends that ORS 109.381(2) does not bar her attack on the judgment of adoption, because she was not a party to the adoption proceeding. Defendants respond that plaintiff was a party to the adoption proceeding, that she consented to the adoption, and that she waived her right to notice of the adoption proceeding when she signed

---

consent to the adoption of the children unless the release or surrender expressly recites that it is given for the purpose of adoption. Private child-caring agencies are authorized to place children for adoption or foster care only if authorized by the State Office for Services to Children and Families in the license issued by the office.

"(2) Any entire severance of family ties of such children by adoption or otherwise shall be accomplished only by the order of a court of competent jurisdiction.

"* * * * *

"(4) Parents or legal guardians of children whom they have by release or surrender agreement given into the guardianship of incorporated child-caring agencies for the purpose of adoption may, concurrently or subsequently and without any adoption proceeding having been initiated, agree that the release or surrender shall become irrevocable as soon as the child is placed by the agency in the physical custody of a person or persons for the purpose of adoption by them, and waive their right to personal appearance in court in matters of adoption of such children, by a duly signed and attested certificate. From and after such physical placement for adoption such certificate of irrevocability and waiver and the release or surrender may not be revoked by the parent or guardian unless fraud or duress is affirmatively proved."

[3] Because the dispositive issue before us is whether plaintiff was a party to the adoption proceeding, we do not reach the issues that plaintiff raised in her motion to set aside.

the certificate of irrevocability and waiver on October 9, 1995.

In Oregon, the adoption process is purely statutory. *Eder v. West*, 312 Or 244, 260, 821 P2d 400 (1991). Consequently, we examine the relevant statutes to determine whether, as a matter of law, plaintiff was a party to the adoption proceeding even though she had surrendered the child to an Oregon licensed adoption agency. In construing statutes, our goal is to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). At the first level of our analysis is the text and context of the statute. *Id.* The starting point of our analysis is ORS 109.309. It provides, in part:

"(5)(a)   When the petition is for the adoption of a minor child, the petitioner shall also file at the time of filing the petition:

"(A)   A written statement containing the full names and permanent addresses of:

"(i)   The petitioners;

"(ii)   *All persons whose consent to the adoption is required under ORS 109.312* when such names are either known or may be readily ascertained by the petitioners; and

"(iii)   The Oregon licensed adoption agency, if any, or the relative or person that privately placed the child for adoption." (Emphasis supplied.)

ORS 109.312 provides, in part:

"(1)   *Except as provided in ORS 109.314 to 109.329*, consent in writing to the adoption under ORS 109.309 of a child shall be given by:

"(a)   The parents of the child * * *." (Emphasis supplied.)

Although the general requirement in an adoption proceeding is that the biological parents of the child must consent to the

adoption, there are several statutory exceptions. With respect to an agency adoption, ORS 109.316(1) provides, in part:

> "[A]n approved child-caring agency of this state, acting in loco parentis, may consent to the adoption of a child who has been:
>
> "(a)   Surrendered to it for the purpose of adoption under ORS 418.270 if compliance is had with the provisions of that section[.]"

If an Oregon licensed adoption agency gives its consent to an adoption under ORS 109.316, "no other consent is required." ORS 109.316(3). According to the relevant statutes, plaintiff was not a party to the adoption proceeding in this case, because her consent was not required.

   *In re Flora's Adoption*, 152 Or 155, 52 P2d 178 (1935), provides additional authority for our conclusion. In that case, the minor child that the petitioners sought to adopt had been surrendered to a private adoption agency for the purpose of adoption. The petitioners alleged in their adoption petition that they had the written consent of the child's parents. However, St. Agnes Baby Home, the private adoption agency to whom the child had been surrendered, did not consent to the adoption and objected to it in the adoption proceeding. The trial court denied the adoption petition. The Supreme Court affirmed. It held:

> "In adoption proceedings, there are four interested parties: (1) The minor child; (2) the parents, *or those standing in place of the parents*; (3) the party seeking to adopt; (4) the state. It is not in the power of an individual to adopt the minor child of another of his own volition, or merely by the consent of the parents; such adoption may only be made by strictly conforming to the statute and with the approval of the court." *Id*. at 159 (citation omitted; emphasis supplied).

   We conclude that in this case the parties to the adoption proceeding were the child, the adoptive parents, the Oregon licensed adoption agency, and the state. Plaintiff surrendered the child to Open Adoption the day after its birth.

Consequently, she was not a party to the adoption proceeding. The trial court erred in dismissing plaintiff's motion to set aside the judgment of adoption under ORS 109.381(2).[4]

Reversed and remanded.

---

[4] We hold only that the trial court erred in construing ORS 109.381(2) in dismissing plaintiff's motion to set aside. We express no opinion about the operation of ORS 109.381(3) in this context. It provides:

"After the expiration of one year from the entry of a decree of adoption in this state the validity of the adoption shall be binding on all persons, and it shall be conclusively presumed that the child's natural parents and all other persons who might claim to have any right to, or over the child, have abandoned the child and consented to the entry of such decree of adoption, and that the child became the lawful child of the adoptive parents or parent at the time when the decree of adoption was rendered, all irrespective of jurisdictional or other defects in the adoption proceeding; after the expiration of such one-year period no one may question the validity of the adoption for any reason, either through collateral or direct proceedings, and all persons shall be bound thereby; provided, however, the provisions of this subsection shall not affect such right of appeal from a decree of adoption as may be provided by law."